## 21178

Susan M. ABERNATHY, Respondent-Appellant, v. The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant-Respondent.

(264 S. E. (2d) 836)

*McCants, Nelson, Green & Lafaye,* Columbia, *for appellant-respondent.*

*Rosen, Oberman & Rosen,* Charleston, *for respondent-appellant.*

March 31, 1980.

Ness, Justice:

This appeal is from a jury verdict in favor of respondent Susan Abernathy against the appellant The Prudential Insurance Company. We affirm.

In November 1976 respondent purchased a major medical expense insurance policy from appellant. In January 1977 respondent, on the advice of her physicians, began undergoing depilatory treatments for the removal of excess facial hair. Appellant refused to reimburse respondent for the cost of these treatments and respondent instituted this action. A jury verdict for $5,980 was rendered against appellant.

Appellant first asserts the trial court erred in denying its motions for nonsuit, directed verdict and judgment N.O.V. since the cost of the depilatory treatments were not "eligible expenses" under the policy. We disagree.

The policy included as "eligible expenses" charges for "doctors services for surgical procedures *and other medical care.*" (Emphasis supplied.) There is no dispute the charges were actually incurred. The only dispute is whether services performed by nonlicensed technicians fall within the phrase "other medical care."

The term "other medical care" is ambiguous, reasonable men could disagree as to its meaning. *Group Hospitalization, Inc. v. Levin,* 305 A. 2d 248 (D. C. App. 1973), *Zeh v. National Hospital Association,* 233 Or. 221, 377 P. 2d 852 (1963); In *Haggerty's Case,* 298 Mass. 466, 11 N. E. (2d) 583 (1937); 44 Am. Jur. 2d, Insurance, § 1626.

"Medical care and treatment" has been defined as "something done in the application of the curative arts, whether by drugs or other therapy, with the end in view of alleviating a pathological condition." *Mutual Life Ins Co. of New York v. Bishop,* 132 Ga. App. 816, 209 S. E. (2d) 223, 225 (1974). Respondent's physician testified respondent

suffered from hirsutism and he recommended the depilatory treatments to alleviate that condition. We perceive no requirement that treatments be performed by or under the direction of licensed medical personnel. We therefore hold the phrase "other medical care" included the treatments received by respondent.

Appellant next asserts the trial court erred in denying its motions since the depilatory treatments were excluded from the policy's coverage. We disagree.

Appellant relies upon a provision in the policy excluding "[a]nything not ordered by a doctor or not necessary for medical care of illness" and, conceding the depilatory treatments had been recommended by respondent's physicians, urges this Court to construe the term "necessary" as meaning "essential." Exclusions in an insurance policy are always to be construed most strongly against the insurer. *Boggs v. Aetna Casualty and Surety Co.*, 272 S. C. 460, 252 S. E. (2d) 565 (1979). The construction of the term "necessary" which most favors respondent is "appropriate." *See, e. g., Southland Royalty Company v. U. S.*, 582 F. (2d) 604 (Ct. Cl. 1978); Black's Law Dictionary 1181 (4th Ed. 1968). In light of respondent's physicians' recommendation, there can be no doubt the depilatory treatments were appropriate for respondent's condition. We hold they were not excluded from coverage.

Affirmed.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and WALTER T. COX, III, Acting Associate Justice, concur.