THELMA KEAHI YOUNG, Individually and as Special Administrator of the Estate of HOMER ROBERT YOUNG, Deceased, and GERALDINE YOUNG, as Next Friend to SCOTT YOUNG, minor, and ROBIN YOUNG, Plaintiffs-Appellants, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., a foreign corporation, EDWARD LAMBERG, and CHARLES JONES, Defendants-Appellees

NO. 9780

(CIVIL NO. 5961(1))

MARCH 6, 1985

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, JJ., AND
INTERMEDIATE APPELLATE COURT ASSOCIATE JUDGE HEEN,
IN PLACE OF NAKAMURA, J., RECUSED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from the granting of defendants' summary judgment motion and the denial of plaintiffs' summary judgment motion in a declaratory judgment action. That action sought a determination that the estate of the decedent, Homer Robert Young, who was a passenger in an uninsured vehicle at the time of the accident which caused his death, was entitled, along with the decedent's mother and children, to payments from defendant State Farm Mutual Automobile Insurance Co. (State Farm) under the uninsured motorists provisions of two policies issued by appellee State Farm to Kenneth Kekumu and one policy issued by appellee State Farm to Herbert Young. We affirm the judgment of the court below.

The facts are not in dispute. Kenneth Kekumu, Homer Robert Young, his mother Thelma Keahi Young, his brother Herbert Young, and others lived in the same household on Maui. Kenneth and Thelma had lived together at the time of the accident in question for some 18 years but were not married. Homer, who had known Kenneth for several years, moved in with Kenneth and Thelma approximately eight years before the accident, at a time when he was already over 30 years of age. Herbert was Homer's brother.

Appellee State Farm had issued two policies to Kenneth Kekumu: Policy No. 254-601-51A on a 1974 Toyota and Policy No. 202-182-51B on a Dodge pickup truck. It had also issued Policy No. S091-059-C07-51 to Herbert Young for a 1979 Yamaha motor vehicle. The original policy periods of the policies on the Dodge pickup truck and the Yamaha motor vehicle had expired, without

the named insureds tendering renewal premiums, prior to the date of the accident.

The policies in question define an "insured" eligible for benefits as follows:

Insured — The unqualified word "insured" means

(1) the first *person* named in the declarations and while *residents* of his household, his spouse and the relatives of either;

(2) any other *person* while *occupying* an *insured motor vehicle;* and

(3) any *person,* with respect to damages he is entitled to recover because of *bodily injury* to which this coverage applies sustained by an insured under (1) or (2) above.

(Emphasis in original.) Policies 202-182-51B and SO91-059-C07-51 define the "policy period" as follows:

The policy period shall be as shown under "Policy Period" and for such succeeding periods of six months each thereafter as the required renewal premium is paid by the named insured on or before the expiration of the current policy period. . . .

Appellants urge that Homer Young was a "relative" of Kenneth Kekumu and thus covered by the two policies issued to him. They also urge that, because of HRS §§ 294-9(c) and 431-448.1, as those sections stood at the time of the accident in question, Policies 202-182-51B and S091-059-C07-51 had not expired.

In support of their argument that Homer Young was a "relative" of Kenneth Kekumu, appellants urge that Kenneth and Homer regarded each other as father and son, that Homer was a "hanai" of Kenneth, and that Kenneth and Thelma regarded each other as husband and wife. They therefore contend that the lack of any legal relationship between Kenneth and Homer should be disregarded.

Under the policy provisions, had Kenneth and Thelma been married, Homer as the child of Thelma would have been covered by the express terms of the policy. However Homer was not a step-child of Kenneth since Thelma and Kenneth were not married. *See* BLACK'S LAW DICTIONARY (5th ed.) "step-child" at 1267-68 (1979). Thus, *Leong v. Takasaki,* 55 Haw. 398, 520 P.2d 758 (1978), is not apposite. Moreover, we are not here dealing with a person raised in the household of another from his or her minority.

While Hawaiian law, by ancient custom, by statute, and by court decisions, has always extended the fullest protection to adopted children, it has also carefully preserved, beginning in pre-discovery times, a distinction between a person legally adopted, a "hookama", and a person merely cared for, a "hanai". *O'Brien v. Walker,* 35 Haw. 104 (1939). Given the facts, there is no need even to consider, in this case, watering down that distinction. Homer Young was not, in law, a "relative" of Kenneth Kekumu.

Appellants also argue that the court below should not have given summary judgment to appellee since it had not established, as an undisputed fact, that the named insureds, in the policies on the Dodge truck and the Yamaha, had received notices that premiums were due.

HRS § 294-9(c), as it stood at the time of the accident in question, provided:

(c) A no-fault policy, including required optional additional insurance meeting provisions of section 294-11, once issued may not be canceled or refused renewal by an insurer except for:

(1) Suspension or revocation of the license of the principal operator to operate the type of motor vehicle insured, or

(2) Failure to pay the premium for such policy after reasonable demand therefor.

In any case of cancellation or refusal to renew, the insurer shall continue all no-fault and optional additional coverages in force, to the date of expiration, or for thirty days following notice, whichever date first occurs. Within fifteen days of a cancellation, the insurer shall refund the pro rata unearned portion, if any, of any prepaid premiums. In any case of cancellation or refusal to renew, written notice shall be given to the insured, not less than thirty days prior to the effective date of such cancellation or refusal to renew. Within five calendar days after actual cancellation or processing a cancellation of no-fault insurance, whether at the option of the insurer or the insured, the insurer shall give written notice to the director of finance and the chief of police of the appropriate county of registration. Such cancellation or refusal to renew shall not be deemed valid unless sup-

ported by a certificate of mailing properly validated by the United States Post Office.

HRS § 431-448.1, at the time of the accident in question, read:

*Automobile liability, renewal.* No insurer shall fail to renew an automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for property damage, bodily injury, or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle unless the insurer shall have mailed or delivered to the named insured, at the address shown in the policy, at least thirty days' advance notice of its intention not to renew.

Renewal of a policy does not constitute a waiver or estoppel with respect to grounds for cancellation which existed before the effective date of such renewal.

Appellants' contention is that the statutes, just quoted, required appellee State Farm to give notice of intention not to renew the Dodge truck and Yamaha vehicle policies and, that if it did not, the policies were extended as a matter of law, regardless of the non-payment of the premiums, and that the affidavits below did not establish the giving of such notice.

The policies were not cancelled but continued for their full original term. Appellee State Farm did not refuse to renew them. What happened was that the named insureds failed to tender the premiums which were due and which had to be paid, before the expiration of the original policy period. Such payment, by the policy terms, was required in order to extend the insurance coverage an additional six months. The policies thus expired of their own terms. We find nothing in the statutes quoted above, which we read *in pari materia,* which requires the giving of notice to the insured prior to the expiration of the polices. Accordingly, the judgment below is affirmed.

*Nathan Sult (David L. Turk* and *Sharon On Leng* on the brief) for appellants.

*James Kawashima (John T. Komeiji* and *Randall Y. Yamamoto* on the brief; *Kobayashi, Watanabe, Sugita & Kawashima* of counsel) for appellees.