ALLSTATE INSURANCE
COMPANY, Respondent,

v.

Charlene TATE, et al., Defendants,

Melvin L. Freeman, Jr., a minor by and on Behalf of his mother and natural guardian, Sharon L. Freeman, individually, Melvin L. Freeman, Sr., Appellants.

No. C3–85–2148.

Court of Appeals of Minnesota.

June 10, 1986.

Robert H. Tennant, III, St. Paul, for respondent.

Russell J. Jensen, R. James Jensen, Jr., St. Paul, for appellants.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and FORSBERG, JJ.

## OPINION

SEDGWICK, Judge.

Respondent Allstate Insurance Co. brought a declaratory judgment action to determine whether Adam Lee Randall is covered under his foster mother's insurance policy for a car accident which occurred when Randall was 21 years of age. Summary judgment was granted in favor of Allstate. Freeman appealed. We affirm.

## FACTS

On March 21, 1984 defendant Adam Lee Randall was involved in a car accident while driving a car owned by Barbara Ann Gardner. Randall collided with a car driven by Melvin L. Freeman. Due to the accident, Melvin L. Freeman, Jr. was severely and permanently injured.

Sharon Freeman, mother and guardian of Melvin Freeman, Jr., sued Randall for negligence. After the accident, defense of the claim against Randall was tendered to Allstate, under a policy issued to Charlene Tate. Tate is Randall's former foster mother, with whom he resided at the time of the accident. Randall was a foster child most of his life, and lived with the Tates for about six years prior to the accident. Mrs. Tate received monthly support checks from Hennepin County for her duties as foster parent during Randall's minority, but the checks ceased upon Randall's reaching the age of majority.

It is alleged that Freeman, Jr.'s medical expenses will be well in excess of all avail-

able insurance protection. Randall was driving Barbara Gardner's car with her permission.

The policy defines an insured person for the purposes of owned and non-owned vehicles. For non-owned vehicles, the policy covers the following:

2. While using a non-owned **auto:**
   a) you.
   b) any **resident** relative using a four wheel private passenger **auto** or **utility auto.**

Appellant's appendix at A–12.

Allstate denied coverage since Randall was not a resident relative when operating the non-owned car from which the claims against him arose.

The trial court also cited Minn.Stat. § 65B.43 which defines an "insured" to include one residing in the same household as the named insured, who is also a relative. The court said:

In the present case Adam Randall could not be considered a resident relative of Charlene Tate. Adam Randall was never adopted by Charlene Tate nor is there any relationship between the two by marriage or blood. Although Adam Randall was at one time a foster child of Charlene Tate, at the time of the accident Adam Randall was 21 years old and can no longer be considered a foster child. Because Adam Randall is not a resident relative of Charlene Tate within the meaning of that term under Minnesota No-Fault law or the policy, Allstate Insurance Company is not required to afford coverage or a defense to Adam Randall for the claims being made against him.

## ISSUE

Did the trial court err in ruling that Randall is not a resident relative under the terms of the Allstate policy?

## ANALYSIS

The Minnesota Supreme Court discussed this definition of "relative" in *Mickelson v. American Family Mutual Insurance Co.,*

329 N.W.2d 814 (Minn.1983). Plaintiff Mickelson was injured while a pedestrian crossing an intersection. His pick-up truck was insured by Carol Rose Mueller, with whom he had lived for about seven years, sharing income and expenses. Since Mickelson was not a named insured, the question was whether he was a relative under the policy or statutory definition. The court cited Minn.Stat. § 65B.43, subd. 5 (the No-Fault Act definition section):

"Insured" means an insured under a plan of reparation security as provided by sections 65B.41 to 65B.71, including the named insured and the following persons not identified by name as an insured while (a) residing in the same household with the named insured and (b) not identified by name in any other contract for a plan of reparation security complying with sections 65B.41 to 65B.71 as an insured:

(1) a spouse,

(2) other relative of a named insured or

(3) a minor in the custody of a named insured * * *.

In *Mickelson,* the policy defined "relative" as the spouse or any person related to insured by blood, marriage or adoption (including a minor in custody). The court held that Mickelson was not an "insured:"

Although the policy definition of "relative" includes a broader class of persons than does the term "relative" as it is used in section 65B.43, subd. 5, it nevertheless limits in clear and unambiguous language the class of included adults to the named insured's spouse or any person related to the named insured by blood, marriage or adoption. Mickelson is neither Mueller's spouse nor related to her by blood, marriage or adoption.

*Mickelson,* 329 N.W.2d at 816.

The supreme court reiterated this principal in *Rademacher v. Insurance Co. of North America,* 330 N.W.2d 858 (Minn. 1983), where it held that members of a religious community were not "relatives" within the meaning of the No-Fault Act:

Neither the statutory definition of "insured" set out at Minn.Stat. § 65B.43, subd. 5 (1976), nor the personal injury protection coverage of the INA policy extend coverage to all persons who live in the same household in what may be loosely termed a familial relationship.

*Id.* at 862.

The court stated that

the plain meaning of the term "relative" does not permit construction to include adult persons who, though they reside in the same household, are not related by blood, marriage or adoption.

*Id.* at 863.

Other authority also indicates that blood or marriage are the usual requirements for "relatives" under auto insurance law. The U.S. Court of Appeals for the First Circuit stated that in the "rather specialized areas" of the construction of wills, intestacy statutes, and auto insurance policies, the term "relative" is read narrowly to include only consanguines. *Petition of the United States,* 418 F.2d 264, 271 (1st Cir.1969).

Likewise, a mentally incompetent adult was held not to be a "relative" to the youth center in which he resided for the purposes of insurance in *Anderson v. St. Paul Fire and Marine Insurance Co.,* 570 F.Supp. 1222 (D.R.I.1983).

*See also Kruse v. Minnesota Automobiles Assigned Claims Bureau,* 371 N.W.2d 602 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Oct. 18, 1985). There, this court decided that a woman who lived with her fiance, and a woman who lived with her ex-husband were not "members of the household" within the meaning of the Assigned Claims Act.

Following the guidance of *Mickelson* and *Rademacher,* an adult who was formerly a foster child is not a relative under Allstate's policy or Minnesota Statutes. He is not a minor in the custody of Tate, under Minn.Stat. § 65B.43, subd. 5. Nor is he related by blood, marriage or adoption, the criteria set forth in *Mickelson* and *Rademacher.* We recognize that a natural adult child would be covered here, and that

Tate and Randall had a parent-child relationship evidenced by his continued residence with her long after his age of majority. Current law, however, does not provide for his coverage.

## DECISION

Appellant, a former foster child, is not a resident relative within the purview of Minn.Stat. § 65B.43. We affirm.