77697. LEDFORD et al. v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY.
(377 SE2d 693)

Banke, Presiding Judge.

At issue in this declaratory judgment action is whether a foster child living with the holder of a policy of motor vehicle accident insurance issued in this state may be considered a "relative" of the policyholder, so as to be entitled to liability coverage under the terms of the policy.

Appellants Donna T. Ledford and Billy J. Ledford sued to recover for the alleged wrongful death of their son resulting from a three-car collision. Named as a defendant in that action was Bobby Shane Bruce, a minor child who had been driving a van insured by the appellee, State Farm Mutual Automobile Insurance Company. Also named as a defendant was Bobby Garrett, who, as the owner of the van, was the named insured under the State Farm policy. At the time of the accident, Bruce was in the legal custody of the Hall County Department of Family & Children Services and was living in Garrett's home as a foster child. It is undisputed that he was driving the van without the knowledge or consent of Mr. Garrett or his wife.

The term "insured" is defined by the policy to mean: "1. *you*; 2. your *spouse*; 3. the *relatives* of the first *person* named in the declarations; 4. any other *person* while using such a *car* if its use is within the scope of consent of *you* or *your spouse*. . . ." (Indention omitted.) Since it is undisputed that Bruce did not have the Garretts' consent to drive the van, it follows that the only way he could be considered an "insured" under the liability provisions of the policy is if he could be considered a "relative" of Mr. Garrett. The trial court determined that he could not be and granted State Farm's motion for summary judgment in this declaratory judgment action brought to determine its obligations in the matter. *Held*:

The appellants argue that because Mr. Garrett, as a foster parent, stood in loco parentis towards Bruce, the equivalent of a parent-child relationship existed between them, making them "relatives" in a functional sense. See OCGA § 49-5-3 (11). Cf. *Brown v. Phillips*, 178 Ga. App. 316 (1) (342 SE2d 786) (1986) (holding that in the absence

of wilful or malicious misconduct, foster parents are immune from tort liability to a foster child pursuant to the doctrine of intra-family tort immunity). The appellants also point to the public policy of this state, as manifested by its mandatory motor vehicle insurance laws, "that 'innocent persons who are injured should have an adequate recourse for the recovery of their damages.' [*Anderson v. Southeastern Fidelity Ins. Co.*, 251 Ga. 556, 557 (307 SE2d 499) (1983)]." *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 338 (329 SE2d 136) (1985). However, not all policy exclusions are invalidated by this public policy; and the general rule still obtains that in the absence of a specific statutory mandate to the contrary, the courts cannot expand a contract of insurance beyond its plain language. See generally *Ga. Farm &c. Ins. Co. v. Fire & Cas. Ins. Co.*, 180 Ga. App. 777 (350 SE2d 325) (1986).

The term "relative" is not defined in the insurance policy under review. Generally speaking, of course, relatives are acquired by birth, marriage or adoption. The question of whether a foster child may nonetheless be considered a "relative" within the contemplation of a liability insurance policy such as the one before us has not previously been addressed in Georgia. Indeed, only one other state appears to have rendered a decision on the issue. See *Allstate Ins. Co. v. Tate*, 389 NW2d 512 (Minn. Ct. App. 1986) (holding that a 21-year-old who had lived with the named insureds as a foster child for six years prior to the accident and who continued to live with them after reaching the age of majority could not be considered a relative under the terms of the foster parents' policy, notwithstanding that the equivalent of a parent-child type relationship existed between them).

The Garretts were receiving compensation from the DFCS for caring for Bruce, as well as for two other foster children who had been placed in their home. They were thus engaged in the operation of a "family boarding home," which is defined by OCGA § 49-5-3 (7) to mean "a home operated by any person who receives therein for pay for supervision, care, lodging, and maintenance, with or without transfer of legal custody, three or more children under 17 years of age *who are not related to such person* and whose parents or guardians are not residents of the same house." (Emphasis supplied.) We are persuaded by the language of this statute as well as by the common understanding of the word "relative" that the existence of a foster parent-child relationship between Garrett and Bruce did not operate to make them relatives within the contemplation of the policy. Being unwilling to expand the insurance contract "beyond what is fairly within its plain terms," *Ga. Farm &c. Ins. Co. v. Fire Cas. Ins. Co.*, 180 Ga. App. 777, 778, supra, and believing that the mandatory insurance laws of this state do not operate to require motor vehicle accident insurers to provide liability coverage to non-relatives of a named

insured who acquire liability while operating the named insured's vehicle without his knowledge or permission, express or implied, we consequently hold that the trial court did not err in granting State Farm's motion for summary judgment in the present action.

*Judgment affirmed. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 3, 1989 —
REHEARING DENIED JANUARY 19, 1989 —

*Stone & Williams, Wesley Williams*, for appellants.
*W. Allan Myers*, for appellee.