1452

Nancy INMAN, as Administratrix for Janie Henderson, Appellant v. SOUTH CAROLINA INSURANCE CO. and Seibels Bruce Insurance Co., Respondents.

(389 S. E. (2d) 173)

Court of Appeals

*Gene M. Connell, Jr.*, of Kelaher, Haar, Bass & Connell, Surfside Beach, *for appellant.*

*D. W. Green, Jr.*, of *Green & Sasser*, Conway, *for respondents.*

Submitted Jan. 17, 1990.

Decided Feb. 5, 1990.

GOOLSBY, Judge:

The issue before us in this declaratory judgment action is whether the late Janie Henderson was a "relative" of the insured within the meaning of former Section 56-9-810(2) of

the South Carolina Code of Laws (1976).[1] The trial court found she was not the insured's "relative" within the meaning of the statute and granted summary judgment to the defendants South Carolina Insurance Company and Seibels Bruce Insurance Company. Nancy Inman, as Administratrix of Henderson's estate, appeals. We affirm.

On August 27, 1987, an uninsured motorist struck and killed Henderson while she was walking home from work. At the time of her death, Henderson, a twenty-eight-year-old adult, had for some time been a member of the household of Inman's son-in-law, George Jensen Aakjer, III. Henderson, however, was not connected with Aakjer by blood, marriage, or adoption. Inman filed a claim on behalf of Henderson's estate under the uninsured motorist provisions of Aakjer's insurance policy.

To be covered by Aakjer's policy, Henderson must have been, at the time of her death, Aakjer's "relative" as the term is used in Section 56-9-810(2). *See* 73 Am. Jur. (2d) *Statutes* § 196 at 393 (1974) ("A statute is to be ... applied in the form enacted.").

Because Section 56-9-810(2) does not define the term "relative," we are required to give the term its ordinary and popular meaning. *Gambrell v. Travelers Ins. Co.*, 280 S. C. 69, 310 S. E. (2d) 814 (1983).

A "relative" is ordinarily defined as "a person connected by blood or marriage." WEBSTER'S UNABRIDGED DICTIONARY at 1525 (2d ed. 1983); *Liprie v. Michigan Millers Mutual Ins. Co.*, 143 So. (2d) 597 (La. App. 1962); BLACK'S LAW DICTIONARY at 670 (5th ed. 1983). A "relative" may also include one who is adopted. *Ledford v. State Farm Mutual Auto. Ins. Co.*, 189 Ga. App. 866, 377 S. E. (2d) 693 (1989).

---

[1] Section 56-9-810(2) of the South Carolina Code of Laws (1976), which was repealed by 65 STAT. Act No. 155 § 25(a) at 1072 (1987), effective January 1, 1988, defined the term "insured" as the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either....

Section 56-9-810(2) is now Section 38-77-30(6) of the Code, though the wording of the two statutes differ slightly.

Inasmuch as Henderson was not related to Aakjer by blood, marriage, or adoption, she was not his "relative" within the meaning of Section 56-9-810(2). *Id.; Young v. State Farm Mutual Auto Ins. Co.*, 67 Haw. 544, 697 P. (2d) 40 (1985).

Inman argues, however, Aakjer's uninsured motorist provisions cover Henderson as Aakjer's "relative" because Henderson was a member of Aakjer's domestic circle, and, hence, Aakjer's "family." The terms "family" and "relative," she maintains, are "interchangeable" and often embrace each other. *See Hunter v. Southern Farm Bureau Casualty Ins. Co.*, 241 S. C. 446, 129 S. E. (2d) 59 (1962) (the term "family" includes those who form a "domestic circle"). Even so, the terms are not synonymous. One's "family" may include those who are "relatives," but it may also include persons not related to each other. 7 Am. Jur. (2d) *Automobile Insurance* § 189 at 685 (1980).

The trial court, therefore, properly granted summary judgment, there being no genuine issue of material fact when the evidence and all its inferences are viewed in the light most favorable to Inman. *Foster v. Greenville County Medical Soc.*, 295 S. C. 190, 367 S. E. (2d) 468 (Ct. App. 1988); *U. S. Leasing Corp. v. Janicare, Inc.*, 294 S. C. 312, 364 S. E. (2d) 202 (Ct. App. 1988).

Affirmed.

SANDERS, C. J., and SHAW, J., concur.