1857

BROOKLYN BRIDGE, INC., d/b/a Brooklyn Bridge Sausage and Deli, Respondent v. SOUTH CAROLINA INSURANCE COMPANY, Appellant.

(420 S.E. (2d) 511)

Court of Appeals

*D.W. Green, Jr.*, of *Green & Sasser*, Conway, *for appellant.*

*B. Michael Brackett*, of *Sherrill & Rogers*, Columbia, and *George W. Cox, Jr.*, Myrtle Beach, *for respondent.*

Heard May 5, 1992; Decided July 20, 1992.

Reh. Den. Sept. 8, 1992.

SHAW, Judge:

Respondent, Brooklyn Bridge, Inc., d/b/a Brooklyn Bridge Sausage and Deli, sued appellant, South Carolina Insurance Company, for failure to pay under a property damage insurance policy. The trial judge directed a verdict on liability for the insured and submitted the issue of damages to the jury. After the jury returned its verdict on damages, the trial judge awarded prejudgment interest. The insurance company appeals. We affirm.

The facts of this case are undisputed. South Carolina Insurance Company issued a business property damage policy to Brooklyn Bridge, a deli restaurant, effective May 27, 1989. On or about September 21, 1989, Hurricane Hugo swept through the area causing a general power failure resulting in food spoilage in the restaurant.

The policy in question covered the loss of or damage to business personal property but contained the following pertinent language on exclusions:

## B. EXCLUSIONS

■    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

e.   Power Failure

The failure of power or other utility service supplied to the described premises, however caused, if the failure occurs away from the described premises.

But if loss or damage by a Covered Cause of Loss results, we will pay for that resulting loss or damage.

The insurance company first contends the trial judge erred in ruling the restaurant's loss was covered by the policy because the language of the policy clearly and unambiguously excluded coverage. We disagree.

Section B.1.e. provides that loss or damage caused either directly or indirectly by the failure of power supplied to the premises, however caused, is not covered if it occurs away from the premises. However, Section B.1.e. also provides that if loss or damage by a covered cause of loss results, then there is coverage. The trial judge found this limitation on the exclusion applied to provide coverage because it was undisputed that business personal property was lost and, although the failure of power occurred away from the premises, the loss resulted from Hurricane Hugo and Hurricane Hugo was a covered cause of loss.

The insurance company argues that Section B.1.e. means that there is no coverage provided where there is a loss resulting from off premises power failure and that the second sentence of this section simply means that coverage will be provided where the loss or damage by a covered cause of loss results *from a power failure*, such as where a fire occurs as the result of an off premises power failure. Because we find the interpretation of the trial judge to be reasonable and logical, we are compelled to affirm his finding in favor of coverage.

■    We first note that the trial judge found the policy was unambiguous and provided coverage for the restaurant's loss. We agree that the policy can easily be read

to provide coverage. While there may be some merit to the insurance company's argument, it is well settled that, where language used in an insurance contract is capable of two reasonable interpretations, the construction which is most favorable to the insured should be adopted. *Fowler v. Canal Insurance Company*, 300 S.C. 420, 389 S.E. (2d) 301 (Ct. App. 1990). Insurance policies are to be liberally construed in favor of the insured and strictly construed against the insurer. *Kraft v. Hartford Insurance Companies*, 279 S.C. 257, 305 S.E. (2d) 243 (1983). Further, exclusions in an insurance policy are to be construed most strongly against the insurer. *Abernathy v. Prudential Insurance Company of America*, 274 S.C. 388, 264 S.E. (2d) 836 (1980).

In the instant case, had the insurance company intended for the limitation to the exclusion to apply only when a covered cause of loss resulted from a power failure, it could have specifically provided for the same by stating, "But if loss or damage by a Covered Cause of Loss results *from a power failure*, we will pay for that resulting loss or damage."[1] The simple addition of these four words would have made the second sentence clear and unambiguous. The failure to include these words lends itself to ambiguity, for, in the absence of their inclusion, the restaurant's and the trial judge's interpretation are just as logical as that which the insurance company advances.[2]

Further, we note several other policy exclusions including earth movement, volcanic eruption, governmental action, nuclear hazard, water, electrical apparatus and steam apparatus all provide a limitation to the exclusion specifying cover-

---

[1] *See Fowler* 389 S.E. (2d) at 303.

The purpose of an insurance policy is to insure. Insurance policies are written by insurance companies. Like Humpty Dumpty, they have the rare privilege of choosing what their words mean. But, unlike Humpty Dumpty, they should say what they mean in advance, not after the fact.

[2] While the appellant argues in reply that the trial judge found that the policy was unambiguous and it is the law of the case, the respondent correctly points out under Rule 220(c), SCACR, this court may affirm the lower court upon any ground appearing in the record. Further, as noted in footnote 2 in *Fowler*, an argument can be made that the fact different courts have construed the language of an insurance policy differently is a good indication the language is ambiguous. Similarly, because the lower court here has logically construed the language of the policy, if we give any credence to the appellant's interpretation, then there is, inherently, a good indication the language is ambiguous.

age *where a fire results*. Several of these exclusions also contain limitations where damage results from other causes such as an explosion or building glass breakage. Had the insurance company desired to require the cause of loss to result from some specific event or events in order to provide coverage relative to power failure, it could have easily provided for it as it did with the above cited exclusions and their limitations.

Finally, the insurance company's interpretation of the second sentence of Section B.1.e. is inconsistent with Section B.1. which basically says that an exclusion is an exclusion *regardless* of any other cause or event that contributes concurrently or in any sequence to the loss. Under Section B.1., even a fire which results from a power failure would not be covered since it was caused by a power failure which is excluded. Where an internal inconsistency in an insurance policy renders it ambiguous, and the policy is susceptible of more than one reasonable interpretation, one of which would provide coverage, coverage must be found as a matter of law. *Insurance Reserve Fund v. Prince*, 304 S.C. 241, 403 S.E. (2d) 643 (1991).

The insurance company further asserts error in the award of prejudgment interest, arguing the parties did not agree on an amount and the loss could not be ascertained before the jury established the damages. We disagree.

The law allows prejudgment interest on obligations to pay money from the time when, either by agreement or by operation of law, the payment is demandable, if the sum is certain or capable of being reduced to certainty, even if the parties do not agree on the amount of the obligation. *Anderson v. Citizens Bank*, 294 S.C. 387, 365 S.E. (2d) 26 (Ct. App. 1987). Here, the evidence shows the sum due under the policy was capable of being reduced to certainty. The trial judge therefore properly awarded prejudgment interest from the date of denial of coverage.

Affirmed.

GARDNER, J., concurs.

BELL, J., concurs in the result.