## CIRCUIT COURT OF THE CITY OF RICHMOND

Rhonda R. Williams

v.

Nationwide Mutual Ins. Co.
and Alvin L. Howard

April 21, 1994

Case No. HD-568-1

BY JUDGE MELVIN R. HUGHES, JR.

The question presented by the parties' cross motions for summary judgment in this case is whether a foster child is a "relative" of an insured foster parent under § 38.2–2206 and therefore eligible for uninsured motorist coverage.

The parties have entered into a stipulation of facts in this declaratory judgment action for the purpose of the motions. In essence, plaintiff suffered serious injuries in an accident when she was a passenger in an automobile which had been stolen and was being operated without the permission of the owner. The operator of the vehicle was uninsured at the time. Also, at that time plaintiff was a foster child in one Martin's home. Nationwide Mutual Insurance Company (Nationwide) had issued a certain motor vehicle insurance policy for Martin which provided uninsured motorist coverage which was in effect at the time of the accident. Plaintiff is not and never had been related to Martin by blood, marriage or adoption. When plaintiff submitted a claim under the policy to Nationwide, the claim was denied on the ground that plaintiff was not an insured.

In its pertinent provisions, the Nationwide policy states:

(a) the named insured and, while residents of the same household, the spouse and relatives of either;

(b) any other person while occupying an insured motor vehicle . . . .

The Nationwide policy goes on to define the term "relative" as "a person related to the named insured by blood, marriage or adoption." § 38.2–2206 defines the term "insured" as:

> The named insured, and, while resident of the same household, the spouse of the named insured, and relatives of either while in a motor vehicle or otherwise, and any person who uses the motor vehicle to which the policy applied, with the expressed or implied consent of the named insured and a guest in the motor vehicle to which the policy applied or the personal representative of the above.

The parties agree that there is no authority from the Supreme Court of Virginia on the precise issue presented here. There is also no statutory definition of the term "relative" for this context. Plaintiff argues that the term should extend to all judicially sanctioned relationships and that § 38.2–2206 is a remedial statute, to be liberally construed to include a foster child.

The court finds that the definition in the Nationwide policy is consistent with the common use of the word and not inconsistent with the statute. The other jurisdictions that have addressed the issue have held that a foster child does not fall within the definition of a "relative" for automobile insurance purposes. In *Allstate Ins. Co. v. Tate*, 389 N.W.2d 512 (Minn. App. 1986). In *Allstate* the Court noted that the Minnesota statute in question specifically mentioned coverage of "minor[s] in custody" in addition to "relatives" but held that since the foster child in question was no longer a minor, he was not covered. In Georgia, the Court held there in *Ledford v. State Farm Mutual Ins. Co.*, 377 S.E.2d 693 (Ga. App. 1989), that a minor foster child was not a relative defined as "related by birth, marriage, or adoption." The *Ledford* court had before it a statute almost identical to our § 38.2–2206. Unlike the Minnesota statute, neither the statute here nor the Georgia one include the language "minor in custody" when defining an "insured."

This all makes a foster child not a relative for insurance purposes and, therefore, under current Virginia law, not covered by § 38.2–2206.

## Order

On March 9, 1994, came the parties on cross motions for summary judgment and it was argued by counsel.

Upon consideration whereof, for the reasons stated in the Court's letter to counsel dated April 21, 1994, Nationwide's Motion for Summary Judgment is granted, and plaintiff's Motion for Summary Judgment is denied.

Plaintiff's exceptions are noted.