24061

GREENVILLE COUNTY, Petitioner v. The INSURANCE RESERVE
FUND, a Divison of the SOUTH CAROLINA BUDGET AND CON-
TROL BOARD, an Agency of the State of South Carolina, Respondent.

(443 S.E. (2d) 552)

Supreme Court

*Judith S. Burk*, Greenville *for petitioner.*

*Charles E. Carpenter, Jr., William H. Hensel* and *Deborah L. Harrison, Richardson, Plowden, Grier & Howser*, Columbia, *for respondent.*

*Thomas L. Martin, Eugene R. Anderson* and *John P. Gasior*, Anderson, *Kill, Olick & Oshinsky, P.C.*, New York City, *for amicus curiae County of Anderson.*

*Kay G. Crowe, Barnes, Alford, Stork & Johnson*, Columbia, *Victor C. Harwood, III, Edward Zampino* and *Peter E. Mueller, Harwood Lloyd*, Hackensack, NJ, *for amicus curiae Aetna Cas.* and *Sur. Co.*

*John L. Choate* and *Tracy L. Eggleston, Cozen and O'Connor*, Columbia, *Laura A. Foggan, Daniel E. Troy* and *Dennis*

*A. Tosh, Wiley, Rein & Fielding,* Washington, DC, *for amicus curiae Ins. Environmental Litigation Ass'n.*

Heard Mar. 1, 1994.

Decided May 9, 1994. Reh. Den. June 7, 1994.

CHANDLER, Acting Chief Justice:

We granted certiorari to review the Court of Appeals' opinion reported at — S. C. —, 427 S.E. (2d) 913 (Ct. App. 1993).

## FACTS

This declaratory judgment action involves ten lawsuits brought against Greenville County (County) by landowners who allege inverse condemnation of their property through County's maintenance of the Simpsonville landfill from 1960 to 1972. The complaints allege contamination through dumping of hazardous waste and chemicals in the landfill. County's insurer, the Insurance Reserve Fund (IRF), denied any duty to defend County, contending that the dispersal of pollutants was not "sudden" but was gradual, and coverage was therefore barred by a "pollution exclusion."[1] Upon cross motions for summary judgment, Circuit Court held that IRF had a duty to defend County. Court of Appeals reversed, holding that the plain and ordinary meaning of "sudden" is temporal, such that a release must be abrupt or precipitant to be covered by the policy.

## ISSUE

Is the policy term "sudden" ambiguous?

## DISCUSSION

"Where the words of an insurance policy are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured."

---

[1] The exclusion reads:

This insurance does not apply:
to personal injury or property damages arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritant, contaminants or pollutants into or upon the land, the atmosphere or any water course or body of water; but this exclusion does not apply if such dispersal, release or escape is *sudden and accidental;* . . . (Emphasis supplied.)

*McPherson v. Michigan Mutual Insurance Co.,* — S.C. —, 426 S.E. (2d) 770, 771 (1993). *See also Spinx Oil Co. v. Federated Mutual Ins. Co.,* — S.C. —, 427 S.E. (2d) 649 (1993) (ambiguous terms in insurance contract should be construed in insured's favor). That different courts have construed the language of an insurance policy differently is some indication of ambiguity. *Brooklyn Bridge v. South Carolina Ins. Co.,* — S.C. —, 420 S.E. (2d) 511 (Ct. App. 1992), *cert. denied. See also Annotation* 4 A.L.R. 4th 1253 (1983).

There is a split of authority as to the proper definition of "sudden and accidental." *Compare Claussen v. Aetna Casualty & Surety Co.,* 259 Ga. 333, 380 S.E. (2d) 686 (1989); *Just v. Land Reclamation,* 155 Wis. (2d) 737, 456 N.W. (2d) 570 (1990); *Polkow v. Citizens Ins. Co.,* 180 Mich. App. 651, 447 N.W. (2d) 853 (1989) (holding that "sudden" is ambiguous and to be construed in the insured's favor as "unexpected" and "unintended") *with Borg-Warner Corp. v. Insurance Co. of North America,* 174 A.D. (2d) 24, 577 N.Y.S. (2d) 953 (1992), *appeal denied,* 80 N.Y. (2d) 753, 587 N.Y.S. (2d) 905, 600 N.E. (2d) 632 (1992); *Upjohn v. New Hampshire Ins. Co.,* 438 Mich. 197, 476 N.W. (2d) 392 (1991), *reh'g denied; Waste Management of Carolinas, Inc. v. Peerless,* 315 N.C. 688, 340 S.E. (2d) 374 (1986); *Lumbermen's Mutual v. Belleville Industries,* 938 F. (2d) 1423 (1st Cir. 1991) (holding that "sudden" contains a temporal element necessitating an abrupt, precipitous event).

In *Webster's Third New International Dictionary,* p. 2284 (1981) the term "sudden" is initially defined as "to come up, occur unexpectedly; happening without previous notice or with very brief notice; coming or occurring unexpectedly; not foreseen or prepared for." Similarly, in *Black's Law Dictionary,* p. 1432 (6th Ed. 1990) the term is defined as "happening without previous notice or with very brief notice; coming or occurring unexpectedly; inforeseen; unprepared for."

In view of the holding by numerous jurisdictions, along with the definitions found in both *Webster's* and *Black's,* we find the term is ambiguous and susceptible of more than one reasonable interpretation. Construing the ambiguity, as we must, in favor of the insured, we hold that "sudden" is to be interpreted as "unexpected."

We hold that the exception to the pollution exclusion ap-

plies and IRF, therefore, must defend its insured. The opinion of the Court of Appeals is

Reversed.

FINNEY, TOAL, and MOORE, JJ., and GEORGE T. GREGORY, JR., Acting Associate Justice, concur.