2382

Clifford FORNER, as the Personal Representative of the Estate of Alma Jean Forner, Respondent v. Sharon BUTLER, Respondent, and Allstate Insurance Company, Appellant.

(460 S.E. (2d) 425)

Court of Appeals

*James A. Atkins,* of *Clawson & Staubes,* Charleston, *for appellant.*

*James E. Lady,* of *Haynsworth, Marion, McKay & Guerard;* and *Michael R. Owens* of *Uricchio Law Firm,* Charleston, *for respondent.*

Submitted June 6, 1995.

Decided July 24, 1995.

SHAW, Judge:

Allstate Insurance Company appeals a circuit court order finding the term "relative" as used in an exclusion in an Allstate homeowner's policy did not include "in-laws" and granting summary judgment in favor of the plaintiff, Clifford Forner. We affirm.

The parties stipulated the essential facts. On December 24, 1991, Alma Jean Forner (the Decedent) was killed in a fire at 1157 East Montague Avenue in North Charleston. It is undisputed that an Allstate insurance policy with bodily injury limits of $100,000 was in force at the time, and the fire was a covered loss. Sharon Butler (the Insured) was an insured under the policy and Clifford Forner, the Decedent's husband, was not. The Decedent was the Insured's mother-in-law.

Section II of Allstate's policy is entitled "FAMILY LIABILITY AND GUEST MEDICAL PROTECTION." Losses not covered under Section II include, "bodily injury to an insured person. . . ." The policy contains the following definition.

1. **"You"** or **"your"**—means the person named on the declarations page as the insured and that person's resident spouse.

       *        *        *        *        *

3. **"Insured person"**—means you and, if a resident of your household:
    a) any relative; and
    b) any dependent person in your care.

Clifford Forner, on behalf of the Decedent brought a wrongful death action against the Insured, and a declaratory judgment action against Allstate to determine coverage under the policy.[1] The parties stipulated cer-

---

[1] We note the pleadings are not in the record on appeal, and the trial court's order does not reveal how this case began. However, all briefs assert Mr. Forner sued Butler for wrongful death. We also note the parties make numerous factual assertions in their briefs which have no basis in the record on appeal. Rule 209(h), SCACR, provides, "Except as provided by Rule 211 and Rule 207(b)(1)(C) and (2), the appellate court will not consider any fact which does not appear in the Record on Appeal." Rule 211 governs supplemental records. Rule 207(b) governs contents of the briefs, and requires "references

tain basic facts, and agreed the court should decide the case based on the following issue of law: Is a mother-in-law a "relative" for the purposes of the Allstate policy exclusion? Both sides moved for summary judgment.

The circuit court rules under the policy, the Decedent was not a "relative." The court held if Allstate had desired "relative" to include in-laws, it could easily have said so in the policy; however, Allstate failed to do this. Accordingly, the court denied Allstate's motion and granted Forner's motion for summary judgment. This appeal followed.

Where the words of an insurance policy are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured. *Greenville County v. Insurance Reserve Fund*, 313 S.C. 546, 443 S.E. (2d) 552 (1994). Furthermore, exclusions in an insurance policy are to be construed most strongly against the insurer. *Brooklyn Bridge v. South Carolina Ins. Co.*, 309 S.C. 141, 420 S.E. (2d) 511 (Ct. App. 1992); *Abernathy v. Prudential Ins. Co. of America*, 274 S.C. 388, 264 S.E. (2d) 836 (1980).

The word "relative" is not defined in the Allstate policy. It is true that "relative" is ordinarily defined as "a person connected by blood or marriage" as well as one who is adopted. *Inman v. South Carolina Insurance Co.*, 300 S.C. 550, 389 S.E. (2d) 173 (Ct. App 1990); *Fidelity & Casualty Co. of N.Y. v. Jackson*, 297 F. (2d) 230 (4th Cir. 1961). However, this may not be the common-parlance or legal meaning of "relative," particularly when interpreting a policy prepared by the in-

---

to the transcript, pleadings, orders, exhibits, or other materials which may be properly included in the Record on Appeal [see Rule 209(c)] to support the salient facts alleged." Rule 207(b)(4). The only matter which should not appear in the record are those items a party believes to be "not relevant to the appeal." Rule 208(b), SCACR. If the parties in this case considered a fact relevant and worthy of mention in the brief, the parties should have included matter in the record to support that factual assertion. For example, the respondents assert the Decedent was wheelchair bound, the Insured was in the process of divorcing her husband (the Decedent's son), the Insured moved into the home with the Decedent and the Insured's children, and the Insured's son was also killed in the fire. However, nothing in the record supports these assertions. As the Supreme Court advised the bar in *Henning v. Kaye*, 307 S.C. 436, 415 S.E. (2d) 794 (1992), the Appellate Court Rules "are not mere technicalities but provide the parties and this Court with an orderly mechanism through which to guide appeals in this State. It is incumbent upon counsel to provide material that complies with the Rules and facilitates appellate review."

surer. *State Farm Mut. Auto Ins. Co. v. Smith*, 206 Va. 280, 142 S.E. (2d) 562 (1965). In the context of insurance contracts, "relative" has been reasonably interpreted as restricted to those related by consanguinity and excluding those related by affinity. *Preferred Accident Ins. Co. v. Onali*, 125 F. (2d) 580 (8th Cir. 1942); See also *Cooney v. Cooper*, 143 F. (2d) 312 (8th Cir. 1944) (the word "relative" is a word of flexible meaning, and is to be interpreted in light of the context in which it is employed, with regard to the character of the writing in which it appears, and in accordance with the statutes governing the transaction).

In the absence of a policy term defining "relative," the construction most favorable to the Insured will be adopted. Hence, "relative" as used in the Allstate policy exclusion does not include the Insured's mother-in-law, the Decedent.

Accordingly, the judgment is

Affirmed.

CURETON and CONNOR, JJ., concur.