THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ruth Edith Settles,       
Appellant,
 
 
 

v.

 
 
 
Robert Crafton Settles,       
Respondent.
 
 
 

Appeal From Greenville County
R. Kinard Johnson, Jr., Family Court 
 Judge

Unpublished Opinion No. 2003-UP-022
Submitted October 22, 2002  Filed January 
 8, 2003

AFFIRMED

 
 
 
Ivey Toney, of Greenville, for appellant.
Wallace A. Mullinax, Jr., and David A. Wilson, both of Greenville, 
 for respondent.
 
 
 

 PER CURIAM:  Affirmed pursuant 
 to Rule 220(b)(2), SCACR, and the following authorities: As to Issue I: Bowers 
 v. Bowers, 349 S.C. 85, 97, 561 S.E.2d 610, 616 (Ct. App. 2002) (The apportionment 
 of marital property is within the Family Court judges discretion and will not 
 be disturbed on appeal absent an abuse of discretion.  Section 20-7-472 lists 
 fifteen factors for the Family Court to consider when making an equitable apportionment 
 of the marital estate.  The statute vests the Family Court with the discretion 
 to decide what weight should be assigned to the various factors.  On review, 
 this Court looks to the overall fairness of the apportionment, and if the result 
 is equitable, that this Court might have weighed specific factors differently 
 than the Family Court is irrelevant. (internal citations omitted)); see 
 Pool v. Pool, 321 S.C. 84, 88-89, 467 S.E.2d 753, 756 (Ct. App. 1996) 
 (holding the family court did not abuse its discretion by awarding the husband 
 sixty percent of the marital estate when he made seventy percent of the direct 
 contributions to the marital assets); see Brandi v. Brandi, 302 
 S.C. 353, 357-58, 396 S.E.2d 124, 126 (Ct. App. 1990) (holding there was no 
 abuse of discretion in awarding the husband seventy percent of the marital property 
 because he made most of the direct contributions to the marital estate even 
 though he committed adultery, was in better health, and had a much greater earning 
 capacity). 
As to Issue 2: First Savings Bank v. McLean, 314 
 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding when an [a]ppellant fails 
 to provide arguments or supporting authority for his assertion, the issue is 
 deemed to be abandoned on appeal); see Rule 208(b)(1)(D), SCACR (stating 
 the brief of the appellant must contain, among other things, a discussion of 
 the issue with citations of authority).
As to Issue 3: Rule 208(b)(1)(C), SCACR (stating the brief 
 of the appellant must contain the amount involved on appeal); Rule 210(h), 
 SCACR ([T]he appellate court will not consider any fact which does not appear 
 in the Record on Appeal.); Forner v. Butler, 319 S.C. 275, 276 n.1, 
 460 S.E.2d 425, 426 n.1 (Ct. App. 1995) (It is incumbent upon counsel to provide 
 material that complies with the Rules and facilitates appellate review.)
AFFIRMED. [1] 
CONNOR, STILWELL, and HOWARD, JJ., concur.

 
 [1] Because oral argument would not aid the Court in 
 resolving any issue on appeal, we decide this case without oral argument pursuant 
 to Rule 215 and 220(b)(2), SCACR.