**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Travelers Property Casualty Co., Respondent,

v.

Senn Freight Lines, Inc., Petitioner.

Appellate Case No. 2013-000602

———

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———

Appeal From Newberry County
The Honorable Eugene C. Griffith, Jr., Circuit Court
Judge

———

Memorandum Opinion No. 2014-MO-022
Submitted June 16, 2014 – Filed July 2, 2014

———

**REVERSED**

———

William Chadwick Jenkins, of Pope & Hudgens, PA, of
Newberry, for Petitioner,

M. Dawes Cooke, Jr., and John William Fletcher, of
Barnwell Whaley Patterson & Helms, LLC, of
Charleston, for Respondent.

———

**PER CURIAM:**  Petitioner seeks a writ of certiorari to review the Court of Appeals' decision in *Travelers Prop. Cas. Co. v. Senn Freight Lines, Inc.*, Op. No. 2013-UP-015 (S.C. Ct. App. filed Jan. 9, 2013).  We grant the petition, dispense with further briefing, reverse the Court of Appeals' decision, and reinstate the jury verdict pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Issue I: *Watson v. Ford Motor Co.*, 389 S.C. 434, 699 S.E.2d 169 (2010) (stating that in a jury trial, it is the jury's task to weigh the evidence presented and determine whether the plaintiff has adequately proven his claim); *Wilkinson ex rel. Wilkinson v. Palmetto State Transp. Co.*, 382 S.C. 295, 676 S.E.2d 700 (2009) (finding evidence of an occupational accident policy is adequate proof of worker's compensation coverage for businesses exempt from maintaining a workers' compensation policy under § 42-1-360(2)); *McCall v. IKON*, 380 S.C. 649, 670 S.E.2d 695 (2008) (stating an appellant has the burden of presenting a sufficient record to allow for appellate review, and the record must reflect the issue on appeal was raised in the trial court); *In re the Care and Treatment of McCracken*, 346 S.C. 87, 551 S.E.2d 235 (2001); (holding a directed verdict motion stating specific grounds is a prerequisite for a subsequent JNOV motion on that issue); *Greenville Cnty. v. Ins. Reserve Fund, a Div. of S.C. Budget & Control Bd.*, 313 S.C. 546, 443 S.E.2d 552 (1994) (stating an insurance contract which is ambiguous or capable of multiple meanings must be construed in favor of the insured).  Issue 2:  *Mitchell v. Fortis Ins. Co.*, 385 S.C. 570, 686 S.E.2d 176 (2009) (finding an insurer's cancellation of a health insurance policy after insured was diagnosed with HIV was "bad faith recission" of the insurance policy); *Helena Chem. Co. v. Allianz Underwriters Ins. Co.*, 357 S.C. 631, 594 S.E.2d 455 (2004) ("[A]n insurer acts in bad faith when there is no reasonable basis to support the insurer's decision."); *Labouseur v. Harleysville Mut. Ins. Co.*, 302 S.C. 540, 397 S.E.2d 526 (1990) (finding an action for "bad faith/wrongful cancellation" of a worker's compensation insurance policy should be adjudicated in circuit court).

**REVERSED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**