**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1652**

DIANE BENEVENTO,

Plaintiff - Appellant,

v.

AUTO-OWNERS INSURANCE COMPANY,

Defendant - Appellee,

and

JAMES WESLEY MCCUTCHEON; BLAKE HUNTER CRADDOCK, d/b/a Claussen Landscaping,

Defendants.

Appeal from the United States District Court for the District of South Carolina, at Florence. Sherri A. Lydon, District Judge. (4:20-cv-01494-SAL)

Submitted: December 15, 2022                    Decided: January 18, 2023

Before KING and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Bert G. Utsey, III, CLAWSON FARGNOLI UTSEY, LLC, Charleston, South Carolina, for Appellant. Morgan S. Templeton, David A. Nasrollahi, WALL

TEMPLETON & HALDRUP, P.A., Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this insurance-dispute action, Plaintiff Diane Benevento appeals the district court's order granting summary judgment to defendant Auto-Owners Insurance Company ("Auto-Owners") and denying her motion for reconsideration. We affirm.

I.

On November 6, 2018, Plaintiff was driving a motor vehicle on Claussen Road in Florence, South Carolina. As Plaintiff slowed for traffic, her vehicle was rear-ended by James Wesley McCutcheon. McCutcheon was driving a Ford truck (the "Truck") and towing a Trail Maker trailer (the "Trailer"), both of which were owned by McCutcheon's employer, Blake Hunter Craddock, d/b/a Claussen Landscaping ("Craddock"). Craddock was insured under a Commercial Auto Policy issued by Auto-Owners, and McCutcheon was an authorized user and employee under the terms of the Policy. The Truck and Trailer were both listed as scheduled vehicles under the Policy, with a combined liability limit of $1,000,000 per accident, subject to the other terms and conditions of the Policy. Pertinent to this controversy, Section II.C. of the Policy provides as follows:

> We will pay damages for bodily injury, property damage and covered pollution cost or expense up to the Limit of Insurance shown in the Declarations for this coverage. Such damages shall be paid as follows:
>
> 1. When combined liability limits are shown in the Declarations, the limit shown for each accident is the total amount of coverage and the most we will pay for damages because of or arising out of bodily injury, property damage and covered pollution cost or expense in any one accident.
>
> . . . .
>
> 3. *The Limit of Insurance applicable to a trailer*, non-motorized farm machinery or farm wagon *which is connected to an auto covered by this*

3

> *policy shall be the limit of insurance applicable to such auto.* The auto and connected trailer, non-motorized farm machinery or farm wagon *are considered one auto and do not increase the Limit of Insurance.*

J.A. 28-29 (emphasis added). The Policy also provides that "[t]he Limit of Insurance for this coverage may not be added to the limits for the same or similar coverage applying to other autos insured by this policy to determine the amount of coverage available for any one accident or covered pollution cost or expense, regardless of the number of . . . [c]overed autos" or "[v]ehicles involved in the accident." J.A. 29. Read together, the Policy provides for up to $1,000,000 in coverage for the scheduled Truck if it is involved in an accident; up to $1,000,000 in coverage for the scheduled Trailer if it is involved in an accident (such as disconnecting from a truck or rolling down a hill and causing an accident after it is disconnected and parked); and up to $1,000,000 in coverage if the Trailer is connected to the Truck at the time of the accident.

Auto-Owners tendered $1,000,000 in liability insurance coverage for the accident, but disputed Plaintiff's claim that she was entitled to an additional $1,000,000 in coverage because the Trailer was connected to the Truck at the time of the accident. Pursuant to an agreement between the parties, Auto-Owners stipulated that Plaintiff's damages would exceed $2,000,000 but denied that any additional coverage above the tendered $1,000,000 was payable under the terms of the policy. Plaintiff agreed to provide McCutcheon and Craddock with a Covenant not to Execute but preserved her right to file this declaratory judgment action for the disputed $1,000,000 in additional liability coverage from Auto-Owners, as well as any underinsured motorist insurance coverage that may apply to her claim. Plaintiff thereafter brought this declaratory judgment action in South Carolina state

4

court against Auto-Owners, seeking the additional $1,000,000 in coverage. Auto-Owners removed the action to federal court and filed a motion for summary judgment on the coverage question. The district court thereafter granted Auto-Owners' motion for summary judgment, as well as Plaintiff's motion to reconsider, and this appeal followed.[1]

## II.

"Insurance policies are subject to the general rules of contract construction." *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 514 S.E.2d 327, 330 (S.C. 1999).[2] Where, as here, "a motion for summary judgment presents a question concerning the construction of a written contract, the question is one of law if the language employed by the contract is plain and unambiguous." *Moss v. Porter Bros., Inc.*, 357 S.E.2d 25, 27 (S.C. Ct. App. 1987). If the language is "unambiguous, clear and explicit, it must be construed according to the terms the parties have used, to be taken and understood in their plain, ordinary and popular sense." *C.A.N. Enters., Inc. v. South Carolina Health & Human Servs. Fin. Comm'n*, 373 S.E.2d 584, 586 (S.C. 1988). If the language is ambiguous, and therefore subject to different constructions, courts will adopt the construction that is most favorable to the insured. *See Greenville Cnty. v. Ins. Reserve Fund,* 443 S.E.2d 552, 553 (S.C. 1994). "An insurer may impose conditions on a policy provided they do not contravene public policy

---

[1] The district court granted Defendants' motions to dismiss McCutcheon and Craddock, who were also named in the Complaint, and denied Plaintiff's motion to remand the case to state court. These rulings are not challenged on appeal.

[2] There is no dispute that South Carolina law governs the substantive issues in this diversity-jurisdiction case.

or violate a provision of law." *Neumayer v. Philadelphia Indem. Ins. Co.,* 831 S.E.2d 406, 408 (S.C. 2019). "[T]he interpretation of a statute is a question of law, which we review de novo." *Id.* at 408.

Plaintiff claims that the Declarations in the Policy provide for a total of $2,000,000 in liability coverage for her accident because (1) the Policy provides for a combined single limit of $1,000,000 for each of the scheduled vehicles; and (2) both the Truck and the Trailer were involved in the accident. Although Section II.C.3 of the Policy clearly limits coverage to $1,000,000 when a vehicle is towing a trailer, Plaintiff argues that the section is ambiguous because it is not clear that the "trailer" referenced in this section includes a scheduled trailer under the Policy. Auto-Owners argues that the plain language of the Policy limits the total liability coverage for this single accident to $1,000,000 because the Trailer was connected to the Truck when the accident occurred.

The district court held that the "plain, ordinary, and popular meaning of the Policy states that, when connected, the Trailer and Truck are considered one auto and coverage is limited to $1,000,000," and, therefore, that the Policy language was unambiguous. J.A. 118. We agree. As the district court correctly observed, "no part of the Policy expressly provides $2,000,000 in liability coverage" for a single accident. J.A. 116. Moreover, the Policy unambiguously precludes this interpretation by expressly providing that the "Limit of Insurance applicable to a trailer . . . which is connected to an auto covered by this policy shall be the limit of the insurance applicable to such auto." J.A. 29. Here, it is undisputed that the Trailer was connected to the Truck, limiting the insurance applicable to the accident to the $1,000,000 insurance applicable to the Truck. The provision is unambiguous and

6

clearly provides that coverage is limited to $1,000,000 because the trailer was being towed by the scheduled truck.

"As a general rule, insurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or some statutory inhibition." *Williams v. Government Employees Ins. Co. (GEICO)*, 762 S.E.2d 705, 712 (S.C. 2014). Here, the district court also correctly rejected Plaintiff's claim that, even if unambiguous, the policy provision limiting the liability coverage to $1,000,000 when the Trailer is connected to the Truck violates South Carolina statutory law, as well as the public policy of South Carolina.

Under South Carolina law, every policy for liability insurance must "contain a provision insuring the named insureds and permissive users against liability for damage incurred 'within the coverage of the policy.'" *Id.* at 714 (quoting S.C. Code Ann. § 38-77-142(A)). In addition, "no policy provision may limit or reduce the coverage required by" S.C. Code Ann. § 38-77-142(C); such provisions are void. *Id.*

Plaintiff argues that, even the language of Section II.C.3 of the Policy is unambiguous, it operates to impermissibly reduce the liability coverage below the face amount of the policy and, therefore, is void under S.C. Code Ann § 38-77-142(C). Again, we disagree. The face amount of the Policy is not $2,000,000. Rather, the Policy clearly provides for a combined single limit of $1,000,000 per accident involving a scheduled vehicle. Nowhere does the Declarations Page or the remainder of the Policy indicate that it is or could be construed as a $2,000,000 policy; rather, Section II.C.3 makes clear that

7

the combined liability limits for a single accident is capped at $1,000,000 even if a scheduled trailer is connected to a scheduled truck at the time of the accident.

III.

Having reviewed the record on appeal as well as the parties' briefs, and for the reasons summarized above, we find no reversible error and affirm substantially on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*