UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

SECURITY INSURANCE COMPANY OF
HARTFORD,
                    *Plaintiff-Appellee,*

            v.

ARCADE TEXTILES, INCORPORATED;
YORK COUNTY INDUSTRIES, LIMITED,
                    *Defendants-Appellants,*

            and

NATIONSBANK, N.A.; ABSOLUTELY
TERRY COMPANY, INCORPORATED;
AMERICAN SPIRIT INDUSTRIES,
INCORPORATED; AMERICAN SPIRIT
FASHIONS, LIMITED; BARAS JERSEY,
INCORPORATED; BEATE REALTY
CORPORATION; BLOCK'S FASHION
FABRICS, INCORPORATED; BRASKINGS
INCORPORATED; BRITANNIA MILLS,
INCORPORATED; BROOKS TEXTILES,
INCORPORATED; C&L OF NEW YORK
CORPORATION; CHARLENE FABRICS
CORPORATION; CONTEMPORA FABRICS,
INCORPORATED; CREATIVE FABRIC
SERVICES, LLC; CYBER KNITS,
INCORPORATED; DYNASTY USA,
INCORPORATED; ESSEX FABRICS,
INCORPORATED; ETHNIX NEW YORK,
INCORPORATED; FABRIC AND FABRIC,
INCORPORATED; FAVRILE FABRICS OF
FLORIDA, INCORPORATED; KARMAR
FABRICS, INCORPORATED; KNIT IDEAS,

No. 01-2101

INCORPORATED; KUTTNER PRINTS, INCORPORATED; LA CENTURY TEXTILES, INCORPORATED; LEAMARK, INCORPORATED; LIBA FABRICS CORPORATION; PLAN B TEXTILES, LLC; PAUL GOTTLIEB & COMPANY, INCORPORATED; PLAZA TEXTILE CORPORATION; RG TEXTILE COMPANY, INCORPORATED; RPJ SPORTSWEAR, INCORPORATED; ROSS SPORTS WEAR, INCORPORATED; SPANTECH FABRICS CORPORATION; SPORTSWEAR, INCORPORATED; STARENSIER, INCORPORATED; STYLETEX, INCORPORATED; SUMMIT KNITTING MILLS, INCORPORATED; SWINGTIME, INCORPORATED; SYMPHONY FABRICS CORPORATION; TODD KNITTING CORPORATION; TRIPLE TEX FABRICS; UNIVERSAL MFG CORPORATION; VERATEX, INCORPORATED; FABRIC ZONE, INCORPORATED; AQUATIC KNITS, INCORPORATED; D. FOXX & COMPANY, INCORPORATED; EPIC TEXTILES INTERNATIONAL, LLC; HAMPTON TRANSFER PRINTS, INCORPORATED; HLC INDUSTRIES; LJJ INCORPORATED; MARKBILT INCORPORATED; PICADILLY FASHIONS; RUBYS COSTUME COMPANY; RUSSELL A. ROBERTS AND COMPANY; VOGUE TEXTILES, INCORPORATED; EUROPEAN AMERICAN BANK; BASSIRAT, INCORPORATED, d/b/a Styletex, Incorporated,

*Defendants,*

ATLANTIC MUTUAL INSURANCE
COMPANY; COMMERCIAL UNION
INSURANCE COMPANY; FEDERAL
INSURANCE COMPANY; LIBERTY
MUTUAL INSURANCE COMPANY;
GENERAL ACCIDENT INSURANCE
COMPANY OF AMERICA; HARTFORD
FIRE INSURANCE COMPANY; VIGILANT
INSURANCE COMPANY; ZURICH
INSURANCE COMPANY; GREAT
NORTHERN INSURANCE COMPANY;
TRAVELERS INDEMNITY COMPANY OF
AMERICA; ADJUSTERS INTERNATIONAL,
*Intervenors-Defendants.*

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., Chief District Judge.
(CA-98-2545-0-17)

Argued: February 25, 2002

Decided: July 10, 2002

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** David J. Gundling, GUNDLING LAW FIRM, P.A., Paw-
leys Island, South Carolina, for Appellants. George Terrell Davis,
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P., Atlanta, Georgia,

for Appellee. **ON BRIEF:** R. Dennis Withers, ROBINS, KAPLAN, MILLER & CIRESI, L.L.P., Atlanta, Georgia; John T. Lay, ELLIS, LAWHORNE & SIMS, P.A., Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Appellants Arcade Textiles, Incorporated (Arcade) and York County Industries, Limited (York), appeal the resolution of a dispute over the amount of prejudgment interest owed in this statutory interpleader action, *see* 28 U.S.C.A. § 1335 (West 1993). We affirm.

I.

Arcade owned and operated a textile mill in Rock Hill, South Carolina. Located within the mill were equipment and machinery owned by York and a large quantity of customer goods. On November 3, 1997, a fire destroyed the mill and its contents.

In connection with its operation of the mill, Arcade had obtained insurance from Security Insurance Company of Hartford (Security). As is relevant here, Security insured the business personal property of Arcade, York, and various other persons and companies for $4.42 million. The policy provided that "[a]n insured loss will be payable 30 days after a satisfactory proof of loss is received, and the amount of the loss has been established either by written agreement with 'you' or the filing of an appraisal award with 'us'." J.A. 115. Although the parties dispute the exact date, by some time in the spring of 1998 it was clear to all concerned that claims would exceed the policy amount. However, a proof of loss was not filed until July 7, 1998.

On September 1, 1998, Security filed this statutory interpleader action naming Arcade; York; NationsBank, N.A. (NationsBank); and 43 other companies as defendants. As was its option, *see* 28 U.S.C.A. § 1335(a)(2), Security provided the district court with a non-interest bearing bond in the amount of the policy limit.

In January 2001, NationsBank moved for an order requiring Security to pay interest on the policy proceeds pending resolution of the interpleader action. Following negotiations between NationsBank and Security, Security deposited $5,107,849.12 with the court on March 19, 2001. This amount comprised the policy limit, plus $642,849.12 in interest, plus an additional $45,000. The interest amount was calculated by applying to the policy limit an annual rate of six percent, compounded monthly, from September 1, 1998 to March 1, 2001. NationsBank and Security agreed on a rate of six percent because it closely approximated the rate at which interest would have accrued on the policy proceeds had they been deposited with the district court at the outset of the interpleader action.

At a subsequent hearing, NationsBank and Security expressed their satisfaction with this agreement, but Appellants protested. Appellants maintained that interest should be calculated using the South Carolina statutory rate of 8.75 percent and should run from mid-January 1998, when (according to Appellants) Security knew that claims would exceed the policy limit. The district court rejected these assertions. The interpleader action was settled and the policy proceeds were distributed to the various claimants, subject to Appellants' appeal of the ruling regarding interest.

## II.

Interpleader is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund. *See Chase Manhattan Bank v. Mandalay Shores Coop. Housing Ass'n (In re Mandalay Shores Coop. Housing Ass'n)*, 21 F.3d 380, 383 (11th Cir. 1994); *White v. FDIC*, 19 F.3d 249, 251 (5th Cir. 1994). Interpleader is an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled

to the fund. *See* 4 James Wm. Moore et al., *Moore's Federal Practice* § 22.02[1], at 22-8 to 22-9 (3d ed. 2001).

Statutory interpleader—the type involved here—rests on diversity of citizenship. *See* 28 U.S.C.A. § 1335(a)(1); *Whirlpool Corp. v. Ritter*, 929 F.2d 1318, 1320-21 (8th Cir. 1991) (characterizing statutory interpleader as "a special brand of diversity jurisdiction"). Accordingly, state substantive law applies under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). *See Atlin v. Sec.-Conn. Life Ins. Co.*, 788 F.2d 139, 142 (3d Cir. 1986) ("Although federal interpleader is rooted in equitable grounds, use of that procedure does not justify a diversity court's rejection of controlling state substantive law."). And, because prejudgment interest is a matter of state substantive law, *see Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999), South Carolina law governs the award of prejudgment interest here,[1] *see, e.g.*, *Hartford Accident & Indem. Co. v. Sharp*, 87 F.3d 89, 92-93 (3d Cir. 1996) (concluding that claimant to interpleaded fund was entitled to prejudgment interest under territorial law); *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164-65 (5th Cir. 1976) (looking to Texas law to determine if prejudgment interest was owed in diversity interpleader action).

Under South Carolina law, prejudgment interest on an obligation to pay money accrues at the rate of 8.75 percent per annum "from the time when, either by agreement or by operation of law, the payment is demandable, if the sum is certain or capable of being reduced to certainty, even if the parties do not agree on the amount of the obligation." *Brooklyn Bridge, Inc. v. S.C. Ins. Co.*, 420 S.E.2d 511, 513 (S.C. Ct. App. 1992); *see* S.C. Code Ann. § 34-31-20(A) (Law. Co-op. 1987). The decision whether to award prejudgment interest lies in the discretion of the court. *See Jacobs v. Am. Mut. Fire Ins. Co. of Charleston*, 340 S.E.2d 142, 143 (S.C. 1986).

Here, Security agreed to pay interest of six percent per annum from the date it filed the interpleader action until the date it deposited the policy proceeds with the court. The question presented to the district court was whether Security should have been required to deposit an additional sum to equal the amount that would have been earned if

---

[1]The parties agree that the substantive law of South Carolina applies.

interest had been calculated at a rate of 8.75 percent. However, although the dispute of the parties concerned only the *rate* of interest, their arguments were posed in terms of the broader question of whether Security should be obligated to pay prejudgment interest *at all*. Having considered the lengthy arguments of the parties, the district court denied Appellants' request. We cannot say that this ruling was an abuse of discretion.[2]

## III.

For the reasons set forth above, we affirm the district court.

*AFFIRMED*

---

[2]Thus, the six percent interest paid by Security pursuant to its agreement with NationsBank was *more* than Appellants were entitled to, not less.