274 So.2d 553 (1973)
Eugene H. BENEDICT and Lillian C. Benedict, His Wife, Appellants,
v.
DADE COUNTY REALTY, INC., a Florida Corporation, Appellee.
No. 72-489.
District Court of Appeal of Florida, Third District.
March 13, 1973.
Rehearing Denied April 4, 1973.
*554 Fred A. Jones, Jr., Miami, Allen L. Jacobi, Miami Beach, for appellants.
Whitman & Wolfe, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellants were the defendants in an action brought by appellee for a real estate brokerage commission.
The complaint alleged, in effect, that appellants authorized appellee in its capacity as a real estate broker to procure a purchaser for a parcel of appellants' property consisting of about ten acres, for $100,000 net to appellants or for such price and terms and conditions as might be acceptable to the appellants. It was further alleged that appellee found a purchaser who entered into a binding contract of sale for the sum of $110,000 and on terms agreed upon by the appellants, which included an agreement by the appellants to pay appellee a brokerage commission of $10,000. Notwithstanding that appellee had obtained a purchaser ready, willing and able to purchase said property and had obtained a deposit and contract on said property in accordance with all of the terms and conditions requested by the appellants, they refused to execute the contract and consummate the sale and refused to pay appellee its brokerage commission of $10,000.
Appellants denied the material allegations of the complaint. The trial was non-jury and the judgment was for the plaintiff-appellees in the sum of $10,000.
Appellants' primary contention on appeal is that the findings of fact and conclusions of law made by the trial judge are clearly erroneous and contrary to the weight of the evidence.
"Where a broker is employed to procure a purchaser who is ready, willing and able to buy at a specified price, he will be entitled to his commission upon the execution of a binding contract of sale by the buyer which is acceptable to the seller." Lindquist v. Burklew, Fla.App. 1960, 123 So.2d 261.
The trial judge sitting as the trier of facts has the responsibility of determining the weight, credibility and sufficiency of the evidence, and these findings are clothed with the presumption of correctness. Gaisford v. Frostman, Fla.App. 1967, 202 So.2d 790; Heredia v. Industrial Supplies, Inc., of Florida, Fla.App. 1972, 265 So.2d 709; Imperial Lumber Co. v. Knowles, Fla.App. 1972, 267 So.2d 53; Hayes v. Williams, Fla.App. 1972, 271 So.2d 200. The court's findings are entitled to the weight of a jury verdict and will not be disturbed unless it is shown that there is a total lack of substantial evidence to support those conclusions. Gaisford v. Frostman, supra; Heredia v. Industrial Supplies, Inc., of Florida, supra.
Our review of the record on appeal convinces us that there is substantial competent evidence shown therein to support the trial court's conclusions and that the judgment is fully supported in law and fact.
No reversible error having been made to appear, the judgment appealed is affirmed.
Affirmed.