277 So.2d 555 (1973)
Louis JOVANOVICH, Appellant,
v.
AERO-TECH, INC., a Delaware Corporation, Appellee.
No. 72-1066.
District Court of Appeal of Florida, Third District.
May 22, 1973.
*556 Frank F. Cosgrove, Miami, for appellant.
Peters, Maxey, Short & Morgan, Coral Gables, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellant was plaintiff and appellee was defendant and counterclaimant in an action seeking declaratory decree as to his rights under a written contract entered into by the plaintiff and defendant for the purchase and sale of an airplane and certain airplane parts for a total price of $80,000.00. The contract provided for the payment of a deposit of $20,000.00 which was made by the plaintiff to the defendant. It was further provided that in the event of a default by the plaintiff the defendant would be entitled to retain the $20,000.00 deposit and that the plaintiff would be liable for attorney's fees and costs incurred by the parties.
The issues raised by the complaint, answer and counterclaim were whether the plaintiff or defendant defaulted under the terms of the contract and who was entitled to the deposit of $20,000.00.
The trial court, after hearing the testimony of the parties and their witnesses, and considering all the evidence, found that the plaintiff has defaulted under the terms of the contract; that the defendant had sustained at least $34,900.00 in damages; that the defendant was entitled to the $20,000.00 deposit and was indebted to defendant in the sum of $1,000.00 for the services of its attorneys.
The plaintiff's appeal is from the final judgment entered by the court in accord with those findings.
The sole point on appeal is whether there was sufficient competent evidence before the trial court to support the judgment for the defendant-counterclaimant.
Findings of fact made by a trial judge in a non-jury case not only arrive in this court with a presumption as to their correctness but they will be reversed only upon a holding of the appellate court that the findings are without substantial, competent evidence to support them. City of Miami Beach v. Fein, Fla.App. 1972, 263 So.2d 258; Benedict v. Dade County Realty, Inc., Fla.App. 1973, 274 So.2d 553.
We have carefully reviewed the record in light of the above principles and have concluded that the record shows substantial competent evidence to support the trial judge's findings and judgment. No reversible error having been demonstrated, the judgment appealed is affirmed.
Affirmed.