PER CURIAM.
Appellant, defendant in the trial court, seeks review of a final judgment of foreclosure in favor of the plaintiff, Jay Glynn.
•• This mortgage foreclosure is before this court for the second time. Pursuant to a previous final judgment of foreclosure, the defendant filed an appeal which was later dismissed by stipulation. The par *468 ties reinstated the mortgage and then negotiated and entered into a lease wherein Wonder Bar, Inc., rented the subject property from defendant, the mortgagor. Jay Glynn, plaintiff-appellee-mortgagee, signed the lease in his capacity as president of Wonder Bar, Inc. Appellant alleges that all parties agreed that the rental payments under the lease were to be in an amount equal to the mortgage payments. In the lease, however, rental payments are in an amount some $333. per month less than the mortgage payment. Appellant refused to accept the stated amount of rent from her lessee, and refused to make the mortgage payments, claiming that there was a mistake in the lease. Appellee filed his second foreclosure action in which defendant-appellant counterclaimed for reformation of the lease. The court found the counterclaim to be unsupported by the evidence, upheld the lease, and entered final judgment of foreclosure for the plaintiff-appellee.
The appellant contends that (1) denial of the counterclaim for reformation was contrary to the evidence which showed mutual mistake; (2) foreclosure of the mortgage was error when the evidence showed failure of consideration for the note; (3) refusing to permit evidence of the circumstances surrounding the execution of the note and mortgage was error; (4) entering judgment against the defendant as trustee was error where neither the note nor the mortgage was executed by her in that capacity.
We find the main issue to be whether the trial court erred in its denial of the counterclaim for reformation. When a plain mistake is clearly made to appear by satisfactory proof, relief of reformation should be granted. Patterson v. Taylor, Fla.App. 1960, 123 So.2d 389.
 It is axiomatic that an appellate court will not disturb the findings of a trial judge unless it is shown that there is a lack of substantial evidence to support his conclusions. Benedict v. Dade County Realty, Inc., Fla.App. 1973, 274 So.2d 553; Jovanovich v. Aero-Tech, Inc., Fla.App. 1973, 277 So.2d 555; Imperial Lumber Company, Inc., v. James Knowles, Inc., Fla.App. 1972, 267 So.2d 53. In Equitable Life Assurance Society of United States v. Boraks, Fla.App. 1973, 276 So.2d 246, this court stated at page 246:
“It is well established that the trial judge, sitting as the trier of fact, has the responsibility of determining the weight, credibility and sufficiency of the evidence, and that these findings come to this court on appeal clothed with a presumption of correctness and will not be disturbed unless it is shown that there is a total lack of substantial evidence to support those conclusions.”
Our review of the record on appeal convinces us that there is ample, competent, substantial evidence shown therein to support the trial court’s conclusions and finding that there were no grounds to support the allegations of mistake of fact and that the lease did not require reformation.
Since there is no reformation of the lease, the question of whether the lease and the mortgage were tied together so that a mistake in the lease would constitute a good defense to foreclosure action, becomes moot.
We find the appellant’s remaining contentions to be without merit.
Affirmed.