PER CURIAM.
Appellant, Metropolitan Dade County, seeks reversal of a final judgment in favor of appellee, Bleaufontaine, Inc., entered *144 by the Circuit Court of Dade County in a suit brought by appellee to contest the 1973 ad valorem tax assessment on its property.
The complaint alleged that in 1972 the tax assessor had placed a valuation on the Bleaufontaine property of $1,790,463; that no improvements were made on the property in the year 1972, but that for the year 1973 the tax assessor placed a valuation on the property of $4,730,763. It was alleged that plaintiff had not received any notice from the tax assessor’s office of an increase in the assessment. The county denied the allegations relative to the receipt of notice.
The trial judge held an evidentiary hearing on the sole issues before him, i. e., whether or not the county had mailed a notice of increase in assessment to plaintiff and whether or not plaintiff had received it. See § 194.011(2) Fla.Stat., F.S.A.
After consideration of all the evidence presented the trial judge stated:
“We have heard all of the evidence, and I have got to make a finding of fact based on the conflicting evidence that has been presented.”
Thereafter, the court found that the plaintiff had overcome the rebuttable presumption and determined that, based upon the conflicting evidence, the plaintiff did not receive the notice of increase of its assessment for the year 1973 and, therefore, it was entitled to have a revaluation of its property and that the assessment placed thereon for 1973 was void. A final judgment was entered in accord with those findings.
The sole point presented by appellant on appeal is whether the trial court erred in holding that the plaintiff had overcome the presumption that the statutory notice had been duly mailed by the county and received by the plaintiff.
Findings of fact made by a trial judge not only arrive in this court with a presumption as to their correctness but they will be reversed only upon a holding of the appellate court that the findings are without substantial, competent evidence to support them. The burden is upon the appellant to demonstrate that the findings are incorrect and not supported by the record.
We have carefully reviewed the record in the light of the above principles and have concluded that the record shows substantial competent evidence to support the trial judge’s findings and judgment. Benedict v. Dade County Realty, Inc., Fla.App.1973, 274 So.2d 553. No reversible error having been demonstrated, the judgment appealed is affirmed.
Affirmed.