416 So.2d 1225 (1982)
Alamelu AJI and Mandayan Krishnan, Appellants,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 81-2351.
District Court of Appeal of Florida, Third District.
July 20, 1982.
*1226 Philip Freidin, Miami, Robert Rossano, North Miami, and Judith Reich, Brumer, Cohen, Logan & Kandell and Stewart Logan, Miami, for appellants.
Spencer & Taylor, W. Thomas Spencer and Donald Homer, Miami, for appellee.
Before HENDRY and DANIEL S. PEARSON, JJ., and MELVIN, WOODROW M. (Ret.), Associate Judge.
HENDRY, Judge.
Alamelu Aji and Mandayan Krishnan appeal from a final declaratory judgment finding that Krishnan's homeowner's policy with Allstate did not afford coverage for the bodily injuries of the decedent, Narasimha Aji.
The facts are derived from a stipulation of facts and evidence executed by all parties. In December, 1979, Narasimha Aji (Aji) immigrated to the United States from India. His wife, Alamelu, was to follow after obtaining clearance for their newborn child. While in this country, Aji stayed with his sister and her husband, Mandayan Krishnan, in their apartment. After Aji found employment, he continued to reside with the Krishnans, moving with them to their newly purchased home in January, 1980. Aji did not pay rent or contribute to household expenses. On March 6, 1980, Aji's wife and child arrived and stayed with the Krishnans. Aji had been looking for an apartment for his family, and had plans to show his wife apartments the day after the fatal accident. On March 9, 1980, Aji drowned while swimming with Mr. Krishnan in a lake behind the home. Mrs. Aji filed a wrongful death action against Mr. Krishnan and Allstate, which was stayed pending a determination of the coverage question in Allstate's separate declaratory judgment action. The relevant policy provisions concerning coverage state:
"`Insured person' means you and if a resident of your household, any relative and any dependent person in your care."
* * * * * *
"... we do not cover bodily injury to any insured person... ."
The trial court entered final declaratory judgment for Allstate, finding that on March 9, 1980, the deceased, Narasimha Aji, was a resident relative of the household of the insured, Mandayan Krishnan, and thereby excluded from the bodily injury coverage provided by Allstate's policy.
We conclude that substantial, competent evidence, and the law, reasonably support the finding of the trial court that the decedent was a resident relative of the insured's household at the time of his death. See Delgado v. Strong, 360 So.2d 73 (Fla. 1978); Jovanovich v. Aero-Tech, Inc., 277 So.2d 555 (Fla. 3d DCA 1973); Becklin v. Travelers Indemnity Co., 263 So.2d 629 (Fla. 1st DCA 1972); General Guaranty Insurance Co. v. Broxsie, 239 So.2d 595 (Fla. 1st DCA 1970); cf. Puente v. Arroyo, 366 So.2d 857 (Fla. 3d DCA), cert. denied, 376 So.2d 75 (Fla. 1979) (child visiting with relative for short period during summer vacation was not "resident" of relative's household within coverage provisions of homeowner's insurance policy). Accordingly, the final declaratory judgment finding no coverage is affirmed.
Affirmed.