# HUTCHINSON v STATE OF FLORIDA

## Case No. 89-72AC10

Seventeenth Judicial Circuit, Broward County

March 7, 1990

**APPEARANCES OF COUNSEL**

**Gilbert E. Hutchinson,** pro se.

**I. Ed Pantaleon, Esquire,** Assistant General Counsel, Department of Highway Safety and Motor Vehicles, for appellee.

**OPINION OF THE COURT**

THOMAS M. COKER, JR., Circuit Judge.

THIS CAUSE comes before this Court on appeal of a traffic citation issued to Appellant, Gilbert E. Hutchinson, an ice cream vendor, for stopping in the main-traveled portion of a highway in violation of Fla. Stat. § 316.194(1) (1988). Appellant was stopped in the westbound lane of S.W. 18th Court in Pompano Beach. Another vehicle was traveling

westbound behind the Appellant's vehicle and attempted to pass the Appellant's stopped vehicle by driving around him in the eastbound lane. While passing Appellant's vehicle, this other vehicle struck and injured a child. Appellant was convicted by the county court judge on September 19, 1989. Appellant subsequently filed his notice of appeal.

Appellant asserts several theories upon which he believes a reversal of his conviction rests. Appellant's first contention is that he was not stopped upon a "highway" as required under the statute. The definition of highway as it relates to § 316.194 is found in Fla. Stat. § 316.003(53), Street or Highway. The term is defined as "the entire width between the boundary lines of every way or place of whatever nature when part thereof is open to the use of the public for purposes of vehicular traffic." Therefore, from a reading of this definition, the plain meaning of the statute would encompass S.W. 18th Court where Appellant's vehicle was stopped. Appellant's assertion is therefore without merit.

Findings of fact come to this Court clothed in a presumption of correctness. It is for the Appellant to overcome the presumption with an affirmative showing. The burden is on the Appellant to demonstrate that the trial court's findings were incorrect and not supported by substantial competent evidence as appears from the record. *In re Lieber's Estate,* 103 So.2d 192 (Fla. 1958); *Applewhite v Krieger,* 392 So.2d 317 (Fla. 4th DCA 1980); *Metropolitan Dade County v Bleaufountaine, Inc.,* 332 So.2d 143 (Fla. 3d DCA 1976); *Anderman v Miller,* 359 So.2d 472 (Fla. 3d DCA 1978).

Appellant's second contention is that his vehicle was temporarily disabled by youngsters who approached his vehicle to buy ice cream. Disabled vehicles are excluded from the requirements of § 316.194(1) to the extent that it is impossible to avoid stopping in the main-traveled portion of a highway. Appellant has not demonstrated to this Court that it was impossible for him to move his vehicle off the main-traveled portion of the highway, nor has Appellant demonstrated that the legislature intended to include the instant situation within the exception to § 316.194(1).

Appellant has not overcome the presumption that the trial court's decision was correct and has not made the requisite affirmative showing to reverse that court's decision.

## CONCLUSION

Based on the foregoing, this court affirms the conviction as determined by the trial court.

DONE AND ORDERED in chambers at Fort Lauderdale, Broward County, Florida, this 7th day of March, 1990.