Larry PROCK *v.* SOUTHERN FARM BUREAU
CASUALTY INSURANCE CO.

CA 06-1391                                    260 S.W.3d 737

Court of Appeals of Arkansas
Opinion delivered August 29, 2007

*Osborne & Baker,* by: *Ken Osborne,* for appellant.

*Laser Law Firm,* by: *Alfred F. Angulo, Jr.* and *Brian A. Brown,* for appellee.

WENDELL L. GRIFFEN, Judge. On September 12, 2006, the Washington County Circuit Court granted Southern Farm Bureau Casualty Insurance Company's ("Farm Bureau") motion for summary judgment and denied Larry Prock's motion for summary judgment, based on a finding that there was no coverage afforded to Linda Dobbs for the claims made against her by Prock. Prock appeals, contending that the circuit court erroneously found that he was a member of Dobbs's family, thereby excluding him from coverage. We hold that Prock was a member of Dobbs's family under the terms of Farm Bureau's automobile liability insurance policy. Therefore, the circuit court properly granted summary judgment, and we affirm.

On June 10, 2005, Prock filed a complaint against Dobbs, alleging that he was a passenger in her automobile when she was involved in an accident on Highway 62 in Washington County. Prock was living with Dobbs on the day of the accident, and Prock is married to Dobbs's cousin. In other words, Prock is Dobbs's "cousin-in-law." On March 16, 2006, Farm Bureau, Dobbs's liability-insurance carrier, filed a complaint for declaratory judgment, alleging that it owed no coverage for Prock's claim against Dobbs and that it had no duty to defend claims and suits arising out of the accident. In its complaint, Farm Bureau relied on a provision in the policy that excluded from coverage "bodily injury sustained by you or any member of your family residing in your household" (emphasis in original omitted). Farm Bureau and Prock filed cross-motions for summary judgment.[1] The parties had a hearing on their motions on August 30, 2006. The circuit court, relying on *Smith v. Southern Farm Bureau Casualty Insurance Co.*, 353 Ark. 188, 114 S.W.3d 205 (2003), found that Prock was a family member residing in Dobbs's household and granted Farm Bureau's motion for summary judgment. This finding was incorporated into an order entered September 12, 2006, and Prock filed a timely notice of appeal.

Summary judgment should be granted only when there are clearly no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Riverdale Dev. Co. v. Ruffin Bldg. Sys. Inc.*, 356 Ark. 90, 146 S.W.3d 852 (2004). The burden of sustaining a motion for summary judgment is the responsibility of the moving party. *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). Normally, this court determines if summary judgment was appropriate based on whether the evidence presented by the moving party in support of its motion leaves a material fact unanswered, viewing the evidence in the light most favorable to the nonmoving party, and resolving all doubts and inferences against the moving party. *George v. Jefferson Hosp. Ass'n, Inc.*, 337 Ark. 206, 987 S.W.2d 710 (1999); *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998). However, when there is no dispute on the relevant facts, a court needs only to determine whether the moving party was entitled to judgment as

---

[1] Dobbs was also named as a separate defendant in Farm Bureau's complaint for declaratory judgment, and she participated in the proceedings below, including filing a motion for summary judgment. She is not participating in this appeal.

a matter of law. *Southern Farm Bureau Cas. Ins. Co. v. Craven*, 79 Ark. App. 423, 89 S.W.3d 369 (2002).

The sole issue here is whether a cousin-in-law can be considered a "family member" under the terms of Farm Bureau's liability coverage. If the answer is in the affirmative, then Farm Bureau owes no coverage for Prock's claim against Dobbs, and the circuit court properly granted Farm Bureau's motion for summary judgment. If a cousin-in-law is not considered a "family member" under the terms of the policy, then the circuit court erroneously granted Farm Bureau's motion for summary judgment.

The Arkansas Supreme Court addressed the issue of the definition of "family member" in *Smith, supra*. At issue was whether the appellant, then-girlfriend of the insured, was included in the phrase "any member of your family residing in your household." The supreme court began its analysis by noting familiar maxims in interpreting insurance policies in Arkansas:

> Ambiguous terms within an insurance policy should be construed against the insurer. However, we also held that "the terms of an insurance contract are not to be rewritten under the rule of strict construction against the company issuing it so as to bind the insurer to a risk which is plainly excluded and for which it was not paid." Insurance contracts are to be construed strictly against the insurer, but where language is unambiguous, and only one reasonable interpretation is possible, it is the duty of the courts to give effect to the plain wording of the policy. Our court of appeals has expanded on this language and stated that the "language of an insurance policy is to be construed in its plain, ordinary, and popular sense."
>
> . . . .
>
> We have established as a guideline of contract interpretation that the different clauses of a contract must be read together and that the contract should be construed so that all parts harmonize. Construction that neutralizes any provision of a contract should never be adopted if the contract can be construed to give effect to all provisions.

*Smith*, 353 Ark. at 192, 114 S.W.3d at 206-07 (citations omitted).

The supreme court then relied on a case from the Washington Court of Appeals, *Matthews v. Penn-America Ins. Co.*, 106 Wash. App. 745, 25 P.3d 451 (2001), and stated that one could not

construe the word "family" to mean anything other than a relationship by blood or by law, else the terms "family" and "household" would merge and render the word "family" in the phrase "you or any member of your family residing in your household" redundant and meaningless. *Smith*, 353 Ark. at 193, 114 S.W.3d at 207. The supreme court concluded by holding that the term "family" meant "kin, by blood, marriage, or adoption." *Id.* at 194, 114 S.W.3d at 208. As a result, it held that the appellant was not a family member of the insured and affirmed the circuit court's grant of summary judgment in favor of the insurance company.

Therefore, under Arkansas law, a family member for the purposes of an insurance policy is one's "kin, by blood, marriage, or adoption." In arguing that a cousin-in-law does not qualify as one's "family member," Prock argues that if this court were to expand the definition of "family member" to include a cousin-in-law, one might run into the problem of "the implausible definition of family relation into the biblical sense tracking back to Adam & Eve." He also argues that the common parlance associated with a relative connected by blood or marriage does not include a cousin-in-law and concludes that a jury should decide whether "family" includes a cousin-in-law. However, the supreme court has already declared the term "family member" to be an unambiguous term. Therefore, as a matter of law, no jury question is presented. It is up to the court, not the jury, to determine whether a cousin-in-law is a family member.[2]

Cases from other jurisdictions, many of which Farm Bureau cites, are helpful.[3] For example, a Missouri court held that a cousin was unambiguously a "member of the family of the insured." *State Farm Mut. Auto. Ins. Co. v. McBride*, 489 S.W.2d 229 (Mo. Ct. App. 1972). Other jurisdictions have held that in-laws are "relatives" under insurance policies. *See Vernatter v. Allstate Ins. Co.*, 362 F.2d 403 (4th Cir. 1966) (uncle-in-law); *Aji v. Allstate Ins. Co.*, 416 So. 2d 1225 (Fla. Dist. Ct. App. 1982) (brother-in-law); *Liprie v. Michigan Millers Mut. Ins. Co.*, 143 So. 2d 597 (La. Ct. App. 1962)

---

[2] Prock also relies on the dissenting opinion in *Smith* to argue that the definition of family is a question of material fact that a jury should decide. However, it should go without saying that this court is bound by the majority opinion in *Smith*, not the dissenting opinion.

[3] For an interesting discussion, *see* David B. Harrison, Annotation, *Who Is "Resident" or "Member" of the Same "Household" or "Family" as Named Insured, Within Liability Insurance Provision Defining Additional Insureds*, 93 A.L.R.3d 420 (1979).

(daughter-in-law); *Great America Ins. Co. v. Curl*, 181 N.E.2d 916 (Ohio Ct. App. 1961) (mother-in-law). Stepchildren also have been considered "relatives." *See Sigel v. New Jersey Mfrs. Ins. Co.*, 328 N.J. Super. 293, 745 A.2d 602 (App. Div. 2000). *But see Ledford v. State Farm Mut. Auto. Ins. Co.*, 189 Ga. App. 866, 377 S.E.2d 693 (1989) (holding that the term "relative" does not extend to foster children); *State Farm Mut. Auto. Ins. Co. v. Byrne*, 156 Ill. App. 3d 1098, 510 N.E.2d 131 (1987) (insured's stepmother's brother not a relative); *Frost ex rel. Anderson v. Whitbeck*, 257 Wis. 2d 80, 654 N.W.2d 225 (2002) (third cousin not a relative).[4]

We hold that a "cousin-in-law" is a "family member" under the terms of Farm Bureau's insurance policy. While none of the aforementioned cases are directly on point, the closest cases are those involving in-laws, which have been considered "relatives" in other jurisdictions. Particularly persuasive is *Vernatter*, which held that an uncle-in-law was a member of the family. The child of an uncle-in-law would be a cousin-in-law; therefore, it follows that a cousin-in-law is also family.

Because a cousin-in-law is a family member, the circuit court properly granted summary judgment to Farm Bureau, as Prock and Dobbs are "family members." Accordingly, we affirm.

Affirmed.

GLADWIN and VAUGHT, JJ., agree.

---

[4] However, the Wisconsin court held that the term "relative" was ambiguous. This is contrary to Arkansas law as announced in *Smith*, which held that "family member" was unambiguous.