2011 Ark. App. 208

**Glenda K. VAUGHN, Appellant**

v.

**SHELTER MUTUAL INSURANCE COMPANY, Appellee.**

No. CA 10–884.

Court of Appeals of Arkansas.

March 16, 2011.

Bunny Bullock, Russellville, for appellant.

John Romaine Beasley, Fort Smith, for appellee.

JOSEPHINE LINKER HART, Judge.

Glenda K. Vaughn appeals from the grant of summary judgment in favor of her

automobile insurance company, Shelter Mutual Insurance Company (Shelter). The trial court ruled that Vaughn was not entitled to underinsured coverage. In support of its ruling, the trial court found that the policy was unambiguous as a matter of law. Further, it found that Vaughn failed to comply with the "ADDITIONAL DUTIES OF AN INSURED" requirements in her policy, which it opined were conditions precedent to coverage. On appeal, Vaughn raises two arguments. First, she asserts that, viewed in the light most favorable to her, the record contains evidence whereby a reasonable person could conclude that she complied with the Underinsured Motorist Endorsement of her policy because the record shows that she provided the specified 30 days' notice; the trial court's conclusion that Shelter objected to the settlement offer is of no legal significance; and the trial court erred in finding that the ADDITIONAL DUTIES provisions are unambiguous and created a condition precedent. Second, in the alternative, Vaughn argues that the trial court erred in applying *Fireman's Fund Ins. Co. v. Care Management, Inc.*, 2010 Ark. 110, 361 S.W.3d 800, "retrospectively" to the case at bar. Although we find error in some of the trial court's findings, we nonetheless conclude that this case must be affirmed.

It is appropriate for a trial court to grant summary judgment when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Scott Street Townhouses, LLC v. Underwriters at Lloyd's London*, 2010 Ark. App. 773, 2010 WL 4638166. On appellate review, we must determine whether summary judgment was proper based on whether the evidence presented by the moving party, viewed in the light most favorable to the party resisting the motion,

left a material fact unanswered. *Id.* Where there are no disputed material facts, our review must focus on the trial court's application of the law to those undisputed facts. *Id.*

The legally significant facts are not in dispute. On June 14, 2005, Vaughn was injured in an automobile accident caused by the negligence of Juanita Patton. The car that Juanita was driving was owned by Harlon Patton and insured by State Farm. State Farm settled for policy limits and sent a check dated June 10, 2008, to Vaughn. By letter dated July 31, 2008, Vaughn's attorney sent Shelter the draft of the settlement from State Farm, a schedule of her medical bills, the accident report, and a request for underinsured coverage. Shelter, through its claims department representative, Missy Pledger, responded that it had no prior notice of the accident, but agreed to investigate further, but under a reservation of rights, contending that notice of the accident was a condition of coverage. Vaughn concluded her case against the Pattons on August 28, 2008, when an order was entered in Scott County Circuit Court dismissing the case with prejudice.

Vaughn filed suit against Shelter on April 14, 2009, alleging breach of contract. Shelter moved for summary judgment, asserting that Vaughn agreed to settle with Patton without giving the notice to Shelter that was required under the policy. Shelter referred to this notice as a "condition precedent" to coverage. Shelter also asserted that Vaughn failed to comply with two other notice requirements, by 1) failing to give Shelter "prompt notice" of the accident; and 2) failing to "immediately" give written notice of making a claim for damages against Patton, because uncompensated damages may have been payable. Significantly, Shelter asserted that it was entitled to only "substantial compliance"

with these provisions. Attached to Shelter's summary-judgment motion was an affidavit from Missy Pledger in which she asserted that Shelter received no notice of the accident until Vaughn contacted them by telephone on July 31, 2008, and it subsequently received the certified letter from Vaughn's attorney.

Vaughn opposed Shelter's summary-judgment motion by asserting that on June 14, 2005, at 2:45 p.m., she reported the accident to Shelter through her agent Steve Jones. She attached an affidavit to that effect as well as a copy of her phone records. Vaughn also asserted that she had complied with the notice provisions regarding her proposed settlement with the [4]Pattons. She stated that the notice was sent by certified letter on July 21, 2008,[1] and Shelter did not object within thirty days. Vaughn also argued that the underinsured provisions of her policy were ambiguous because there were two conditions precedent, the exhaustion of all liability coverage and giving notice of a tentative settlement. Vaughn also argues that summary judgment was not appropriate because Shelter was not prejudiced by her acceptance of a settlement of Patton's policy limits.

In granting summary judgment, the trial court acknowledged that there may be an issue of fact as to whether Vaughn gave notice of the accident to Shelter. However, it found that the duties required of her under the "ADDITIONAL DUTIES OF AN INSURED"—providing Shelter with copies of the summons, petition, complaint or "other process" immediately upon filing—were conditions precedent to coverage. Further, it found that Shelter's dispute about proper notice of the accident was "an objection sufficient to put any 'tentative' settlement on hold until the issue of proper notice of the accident could

have been shown to [Shelter]." Vaughn timely appealed.

■ For expediency, we consider Vaughn's second argument concerning the applicability to the case at bar of our supreme court's recent decision in *Fireman's Fund Ins. Co. v. Care Management, Inc.*, *supra*, "retrospectively" to the case at bar. We agree with Shelter that it was not new law but reaffirmance of century-old precedents. Accordingly, we find the following holding to be binding authority:

[5][A]n insured must strictly comply with an insurance policy provision requiring timely notice where that provision is a condition precedent to recovery. Failure to do so constitutes a forfeiture of the right to recover from the insurance company, regardless of whether the insurance company was prejudiced by the failure. On the other hand, if notice is not a condition precedent, the insurance company must show it was prejudiced by any delay in notice in order to be relieved of liability.

*Id.* We note that this rule of law is in harmony with *Shelter Mutual Insurance Company v. Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992).

■ We now turn to Vaughn's argument concerning the appropriateness of summary judgment in this case. First, she argues that, viewed in the light most favorable to her as the party resisting summary judgment, the record contains evidence whereby a reasonable person could conclude that she complied with the Underinsured Motorist Endorsement of her policy. She asserts that the only notice requirement that was a condition precedent was found in the section of her policy entitled "Substitution of Coverages." Pursuant to that section, she was required to provide only notice of settlement, which she claims to have done through her July

---

1. As noted previously, the letter was dated     July 31, 2008.

21, 2008 certified letter to Shelter. Vaughn notes that under her policy, the settlement is not concluded until the tortfeasor is released. The Pattons were not released until the August 28, 2008 order of dismissal was entered. She acknowledges that the trial court concluded that Shelter "objected" to the settlement, but she asserts that this conclusion has no legal significance because the policy did not specify a right or remedy in that event. We find this argument to be unpersuasive.

Vaughn's assertion that she complied with the policy's requirement that she notify Shelter thirty days prior to settlement is contradicted by the transmittal letter, which was dated ₆July 31, 2008. Vaughn provided no other proof in the record regarding when she notified Shelter of her pending settlement. Accordingly, Vaughn has failed to refute Pledger's affidavit that alleges that Shelter did not receive notice of the settlement until Vaughn's July 31, 2008 phone call. Even resolving all issues in the light most favorable to Vaughn as the non-moving party, as we must, we conclude that Vaughn provided, at best, twenty-eight days' notice to Shelter prior to the effective date of settlement of this case.

In our review, we next consider the consequences of the lack of a full thirty days' notice. Rules of interpretation for insurance contracts require that they be construed strictly against the insurer, but where language is unambiguous, and only one reasonable interpretation is possible, it is the duty of the courts to give effect to the plain wording of the policy. *Prock v. Southern Farm Bur. Cas. Ins. Co.,* 99 Ark.App. 381, 260 S.W.3d 737 (2007). Ambiguous terms within an insurance policy should be construed against the insurer. *Id.* However, the terms of an insurance contract are not to be rewritten under the rule of strict construction against the company issuing it so as to bind the insurer to

a risk which is plainly excluded and for which it was not paid. *Id.* Language of an insurance policy is to be construed in its plain, ordinary, and popular sense. *Id.* The different clauses of a contract must be read together, and the contract should be construed so that all parts harmonize. *Id.* Construction that neutralizes any provision of a contract should never be adopted if the contract can be construed to give effect to all provisions. *Id.*

Here, the only applicable condition precedent found within the insurance contract was the duty to inform of a proposed settlement offer. Within the underinsured motorists endorsement, the paragraph titled "EXCLUSIONS" states in pertinent part:

₇This Coverage does not apply:

(5) To any damages or uncompensated damages for which the insured or the insured's legal representative, has released any tortfeasor without giving us the notice required by the section of this Coverage headed SUBSTITUTION OF COVERAGES and allowing us the time stated to respond.

Under the referenced SUBSTITUTION OF COVERAGES section, it states:

If a tentative settlement for the insured damages has been reached between the insured, a tortfeasor, and the tortfeasor's liability insurer, written notice may be given by the insured to us.

. . . .

(2) If that insured elects not to give us such notice, and concludes such tentative settlement by releasing any tortfeasor, no insurance is provided under this coverage.

As noted previously, we concluded that Vaughn failed to satisfy this condition.

While we agree with Vaughn that the trial court erred in finding that Shelter "objected" and that its objection had legal significance, we do not believe that this error affects the disposition of this appeal.

The SUBSTITUTION OF COVERAGES section sets out Shelter's rights in the event of a proposed settlement by its insured. These stated rights are limited to deciding whether it desired to make substitute payments to the insured. Nowhere is it stated that an "objection" to a settlement is a barrier to Vaughn's right to underinsured coverage.

Likewise, while we also agree with Vaughn's argument that the trial court erred in finding that she failed to fulfill a condition precedent by failing to send Shelter copies of her pleadings, it does not change the disposition of the appeal. While it is true that under the section titled "ADDITIONAL DUTIES OF THE INSURED" there is a requirement that Vaughn or her legal representative forward to Shelter copies of all pleadings in the event it files suit, the plain wording of the policy does not condition coverage on fulfilling this condition. This omission stands in stark contrast to the previously discussed condition precedent associated with the requirement to give notice of a tentative settlement. Moreover, Shelter itself did not assert that this duty was a condition precedent to coverage. Accordingly, under *Fireman's Fund Ins. Co. v. Care Management, Inc., supra,* Shelter would have to show prejudice to be afforded relief for breach of this condition. Shelter did not assert that it was prejudiced by Vaughn's failure to fulfill this duty. However, the trial court's erroneous conclusion regarding this breach of duty by Vaughn does not alter the fact that she failed to satisfy the above-discussed condition precedent.

Affirmed.

WYNNE and BROWN, JJ., agree.