SLIP OPINION  Cite as 2016 Ark. App. 196

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–15–675

| | |
|---|---|
| TIM CLARK | **Opinion Delivered** April 6, 2016 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60CV-12-471] |
| V. | |
| SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, INC. | HONORABLE MACKIE M. PIERCE, JUDGE |
| APPELLEE | REVERSED AND REMANDED |

**PHILLIP T. WHITEAKER, Judge**

Tim Clark appeals a summary-judgment order denying his claim against appellee Southern Farm Bureau Insurance Company (SFB) for underinsured motorist (UIM) coverage. We reverse and remand for further proceedings.[1]

The facts are undisputed. Clark was injured in a car accident in Missouri in 2010.[2] The driver of the other vehicle, Carla Zender, was at fault. Zender carried a $100,000 automobile liability policy, and Clark settled with her and her insurer for that amount. In consideration

---

[1] We dismissed a prior appeal for lack of a final order. *Clark v. S. Farm Bureau Ins. Co.*, 2014 Ark. App. 391. The finality issues have been rectified, and we have jurisdiction to decide the merits of the appeal.

[2] Clark's former wife, Sarah, who was also injured in the accident, was originally a party to this appeal. Her claims against SFB have been dismissed, leaving Tim Clark as the only appellant.

of the settlement, Clark released Zender and her insurer from further liability arising out of the accident. Clark did not give his own auto insurer, SFB, prior notice of the settlement.

At some point, Clark indicated to SFB that his damages exceeded Zender's policy limits and that he would seek UIM benefits. SFB filed suit, seeking a declaration that Clark's failure to give prior notice of the Zender settlement precluded UIM coverage. SFB subsequently moved for summary judgment based on the following policy provision:

NOTICE REQUIREMENTS AND SETTLEMENT OF LOSS

**You** must provide **us** written notice if **you** reach, or if the **covered person** reaches, a tentative agreement to settle the loss with the owner, operator, or liability insurer of the **underinsured auto**.

The written notice must be by registered or certified mail, return receipt requested, and include:

a. written documentation of the pecuniary losses incurred, including copies of all medical bills; and

b. written authorization or court order authorizing **us** to obtain medical reports from all employers and medical providers; and

c. written confirmation from the underinsured motorist's liability insurance carrier confirming the alleged underinsured motorist's liability limits and the terms of the tentative settlement.

(Emphasis in original.) The policy further provides that, within thirty days after receiving written notice of a settlement, SFB will pay its insured an amount equal to the settlement and recoup its payment through subrogation or, failing that, lose its right to decline UIM coverage by reason of the settlement. *See* Ark. Code Ann. § 23-89-209(c) & (d) (Repl. 2014) (containing similar provisions regarding notice of settlement to UIM insurers).

Following a hearing, the circuit court granted summary judgment to SFB. The court ruled that the above-quoted notice-of-settlement provision was a condition precedent to UIM coverage and that Clark's failure to abide by the provision forfeited his claim for UIM benefits. Clark now appeals from the summary-judgment order.

Clark presents several arguments for reversal, but we direct our analysis to the sole basis on which the circuit court granted summary judgment: that prior notice of the Zender settlement was a condition precedent to Clark's UIM coverage. When a notice provision operates as a condition precedent to coverage, the insured must strictly comply with it. *Fireman's Fund Ins. Co. v. Care Mgmt., Inc.*, 2010 Ark. 110, 361 S.W.3d 800. If the insured fails to comply, he forfeits coverage. *Id.*; *Vaughn v. Shelter Mut. Ins. Co.*, 2011 Ark. App. 208, 382 S.W.3d 736. Clark contends that SFB's notice-of-settlement provision does not rise to the level of a condition precedent. For the reasons set forth below, we agree.

The language of the insurance policy determines whether a notice-of-settlement provision operates as a condition precedent. In order for timely notice to be a condition precedent to insurance coverage, the insurance policy must use language expressly to that effect, or language that necessarily implies that notice is a condition precedent. *Kimbrell v. Union Std. Ins. Co.*, 207 F.3d 535 (8th Cir. 2000); *Hope Spoke Co. v. Md. Cas. Co.*, 102 Ark. 1, 143 S.W. 85 (1912). The distinction between a notice provision that is a condition precedent and one that is not was aptly illustrated in *Vaughn*, *supra*. There, one notice provision in an insurance policy stated that the insured had a duty to provide her insurer with suit papers immediately upon filing. We ruled that this provision did not constitute a

3

condition precedent to coverage because "the plain wording of the policy does not condition coverage on fulfilling this condition." 2011 Ark. App. 208, at 7–8, 382 S.W.3d at 741. By contrast, we ruled that a separate provision, which required the insured to give notice of a tentative settlement with an underinsured motorist, was a condition precedent. In doing so, we relied on policy language under the heading "Exclusions," which stated that UIM coverage "[did] not apply" to damages for which the insured had released an underinsured motorist without giving the required notice of settlement. We also cited a second policy provision, which read that, if the insured chose not to give notice of her settlement with an underinsured motorist, then "no insurance is provided under this coverage." *Id.* at 6–7, 382 S.W.3d at 740–41.

Here, the SFB policy states that its insured must give notice of a tentative settlement with the underinsured motorist. However, the policy provision does not expressly state or necessarily imply that UIM coverage is conditioned on SFB's receiving such notice. The policy language falls short of declaring, as the policy did in *Vaughn*, that UIM coverage will be completely forfeited or excluded if such notice is not given.

Accordingly, we conclude that Clark's failure to provide prior notice of his settlement with Zender did not violate a condition precedent under the SFB policy. When a notice provision does not contain language sufficient to make it a condition precedent, the insurer must show that it was prejudiced by any delay in notice in order to be relieved from liability. *See Fireman's Fund, supra.* SFB must therefore demonstrate that it was prejudiced by the lack of notice in order to deny UIM benefits to Clark by reason of the settlement. Because the

SLIP OPINION

circuit court has not had the opportunity to rule on whether SFB was prejudiced, we reverse and remand the summary-judgment order for further proceedings.[3]

Reversed and remanded.

GLADWIN, C.J., and HARRISON, J., agree.

*Danny R. Crabtree*, for appellant.

*David A. Hodges*, for appellee.

---

[3] Clark maintains that our supreme court's decision in *Shelter Mutual Insurance Company v. Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992), stands for the proposition that a UIM insurer necessarily does not suffer prejudice from a lack of notice of settlement when its insured recovers policy limits from the at-fault driver. However, *Bough* is distinguishable from the case at bar because it did not involve a notice-of-settlement provision in the insurance policy.